## Case No. 6,540.

HITCHCOCK et al. v. TREMAINE et al.

[9 Blatchf. 550; 1 O. G. 633; 5 Fish. Pat. Cas. 537.] [1]

Circuit Court, S. D. New York. May 3, 1872.

INFRINGEMENT OF PATENT—REHEARING — AFTER-DISCOVERED EVIDENCE.

1. The fact that the defendant, in a suit in equity, for the infringement of a patent, did not have proper expert testimony, on the final hearing, is no ground for granting a rehearing, where no application was made in the premises before the final hearing, and no excuse is shown.
[Cited in Ruggles v. Eddy, Case No. 12,118; De Florez v. Raynolds, Id. 3,743; Colgate v. Western Union Tel. Co., 19 Fed. 829; Spill v. Celluloid Manuf'g Co., 22 Fed. 96; Witters v. Sowles, 31 Fed. 10.]

2. The fact that, since the first hearing, the defendant has discovered that a patent earlier than the plaintiff's, and which was in evidence on such hearing, has been twice reissued, the last time since such hearing, is no ground for granting a rehearing.
[Cited in Page v. Holmes Burglar Alarm Tel. Co., 2 Fed. 333.]

3. If there is nothing, in a prior original patent, to affect the validity of the patent sued on, no reissue of such prior patent made subsequently to the date of the patent sued on, can affect such validity.

4. On an application, after a hearing in a patent suit, to put in alleged newly discovered evidence, it must be shown that the party could not, with reasonable diligence, have obtained such evidence prior to such hearing.

5. Observations on prior unsuccessful experiments set up to defeat a patent.
[Cited in La Baw v. Hawkins, Case No. 7,960; Washburn & Moen Manuf'g Co. v. Beat 'Em All Barbed-Wire Co., 143 U. S. 275, 12 Sup. Ct. 447; Richardson v. Shepard, 60 Fed. 275.]

[Bill in equity by Alonzo Hitchcock and others against Charles M. Tremaine and William B. Tremaine.]

[2][This was a petition by the defendants to stay the entry of a final decree, in the suit Hitchcock v. Tremaine [Case No. 6,538], and for leave to file an amended answer, and to take proof in support thereof, and for a rehearing of the cause.]

Frederic H. Betts, for plaintiffs.
B. E. Valentine, for defendants.

BLATCHFORD, District Judge. The grounds set forth in the petition, for the relief asked, are: (1.) That the defendants did not have proper expert testimony on the first hearing; (2.) That they have discovered, since the first hearing, that a patent issued to one Louis, prior to the plaintiffs', and set up in their answer as anticipating it, has been twice reissued, one of such reissues having been granted since the first hearing; (3.) That, since the first hearing, they have learn-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 9 Blatchf. 550, and the statement is from 5 Fish. Pat. Cas. 537.]

[2] [From 5 Fish. Pat. Cas. 537.]

ed that said Louis was the inventor of the identical device covered by the plaintiffs' patent, and made and sold many of such devices at least five years before the date of the plaintiffs' patent.

(1.) The want of proper expert testimony is no ground for granting a rehearing. Application should have been made to the court prior to the first hearing, for opportunity to procure and put in such testimony. No sufficient excuse is shown for not doing so.

(2.) As to the reissues of the Louis patent, all of them are subsequent in date to the plaintiffs' patent, and cannot affect its novelty or validity, if there is nothing in the specification or drawings of the original patent to Louis which affects such novelty or validity, as was decided by the court on the former hearing.

(3.) As to the alleged newly discovered evidence as to a prior invention by Louis of the plaintiff's device, the defendants fail to bring themselves within the principle on which amendments of answers after hearing are allowed,—India Rubber Comb Co. v. Phelps [Case No. 7,025],—by showing that they could not, with reasonable diligence, have obtained the testimony which they now wish to adduce, prior to the former hearing. On the contrary, the evidence shows that they could.

(4.) A careful review of the testimony given by Mrs. Louis, Bioren, and Frail, in regard to the alleged prior invention by Louis, leads to the undoubting conclusion, that, whatever he made resembling the plaintiffs' fan, in form, location, and operation, was an unsuccessful experiment, so far as it preceded Carpenter in time. The collateral evidence leads to the same conclusion. The patent to Louis, of June 10th, 1862, shows that, at that time, he had no invention of a fan external to the air passages. The newspaper publications show no such invention. And the testimony on the part of the plaintiffs is conclusive to show, that, prior to Carpenter's invention, patented in June, 1865, and even down to 1867, Louis had nothing in the way of an external rotating fan, except what may have been merely experimental, and was not considered by himself to be of any importance compared with other devices he employed to produce a tremolo. This is one of those cases, so often met with in the history of patents, where an invention, once perfected, has shown itself to be so useful and so highly appreciated as to have gone at once into so extensive use, that it is inherently impossible it should have been known before, and not have gone into general use. Its success leads infringers and rival inventors to set up crude and unsuccessful experiments as anticipating it, and dim recollections are stimulated, and conscience is strained, to clothe with living flesh what was an inert and useless skeleton.

The prayer of the petition is denied, with costs.

[For other cases involving this patent, see note to Hitchcock v. Tremaine, Case No. 6,538.]