## Case No. 11,661.

REEVES v. KEYSTONE BRIDGE CO.

[2 Ban. & A. 256; [1] 11 Phila. 498; 2 Wkly. Notes Cas. 523; 9 O. G. 885; 33 Leg. Int. 149; 22 Int. Rev. Rec. 137.]

Circuit Court, E. D. Pennsylvania. April 3, 1876.

PRACTICE IN EQUITY—FINAL DECREE—POWER TO MODIFY—REHEARING—NEW EVIDENCE.

1. A final decree does not pass beyond the power of the court to modify or vacate it, until after the expiration of the term at which it was entered.

2. A decree in a patent suit, making the injunction prayed for perpetual, with a reference to a master to ascertain the damages, is not a final decree.

3. Until a decree is made from which an appeal will lie, it is the clear implication of the eighty-eighth rule in equity that the cause remains under the control of the court.

4. The proper practice to obtain a rehearing before final decree is by petition to the court for leave to file a supplemental bill, setting forth the newly discovered evidence, and for a rehearing of the cause at the time when the supplemental bill may be ready for hearing.

5. It is incumbent upon the petitioners for a rehearing to show that the omission to produce the new evidence on the former hearing was not due to their negligence, and that they made diligent efforts to discover and obtain it. It is also incumbent upon them to satisfy the court that the new evidence is material to the issue.

[2] [Petition for a rehearing. Bill in equity filed by [Samuel J.] Reeves in 1868 for infringement of letters patent No. 35,582. After a hearing upon pleadings and proofs, a decree for a perpetual injunction and account of profits was entered against defendants in April, 1872, and a reference was ordered. [Case No. 11,660.] No further proceedings were taken until October, 1875, when defendants filed this petition for a rehearing upon the ground of after-discovered evidence tending to invalidate the patent, viz: two foreign patents and a foreign printed publication earlier in date than the invention of Reeves, and alleged to be identical therewith. The petition prayed that the decree might be opened, and the defendants allowed to file a supplemental answer setting forth the new defences, and that upon such answer, and the new proofs a rehearing might be had.

[Henry Baldwin, Jr., and Theo. Cuyler, for petitioners.

[The decree is not final and the court has power to open it. Barnard v. Gibson, 7 How. [48 U. S.] 657; Ogle v. Lee, 2 Cranch [6 U. S.] 33. The proper proceeding is by petition for a rehearing. Jenkins v. Eldredge [Case No. 7,267]; Baker v. Whiting [Id. 786]; Dexter v. Arnold [Id. 3,856]. The character of the evidence would entitle the defendants to a new trial at law and a re-

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[2] [From 2 Wkly. Notes Cas. 523.]

hearing in equity. 3 Grah. & W. New Trials, 1044. Smith v. Babcock [Case No. 13,008]; India Rubber Comb Co. v. Phelps [Id. 7,025]; U. S. Rev. St. § 492.

[R. C. McMurtrie and George Harding, contra.

[The decree is final on the right to the patent, to the injunction, and to damages. It is interlocutory only as to the amount of damages. The proceeding therefore should be by bill of review, the allowance of which is discretionary. Daniel v. Mitchell [Case No. 3,563]. The petitioners have not brought themselves within the rules as to after-discovered evidence, since the patents could have been previously found by search in the patent office. Robino v. Calwell, 6 Blackf. 85] [3]

McKENNAN, Circuit Judge. This is an application for a rehearing, to the end that the respondents may file an amended or supplemental answer, setting up the newly discovered matter stated in their petition. Its allowance is opposed upon three grounds: First, that the decree heretofore entered in the cause is a final adjudication of the right of the complainant to his patent, to an injunction, and to damages, and that the court cannot, therefore, grant the prayer of the petition; second, that the defendants have not exercised due diligence in discovering the new matter stated in their petition; and, third, that this new matter is immaterial, as it may affect the right of the complaint to a decree against the defendants.

1. There is no doubt that the decree heretofore rendered is determinate, as it stands, of the contested merits of the cause. It imports a hearing, consideration, and decision of the issues presented by the pleadings, and, accordingly, adjudges appropriate relief to the complainant. But it does not follow that it has passed beyond the power of the court to modify or vacate it. A final decree only would have this effect after the expiration of the term at which it was entered. But this is not a final decree, because it does not end the cause. There still remains the ascertainment of profits and damages by a master, and a decree to be made after his report comes in, and not until then is the cause definitively disposed of. Indeed, there can be no doubt of the interlocutory character of the decree entered in this case. As such it is classified by Mr. Justice Story in Jenkins v. Eldredge [Case No. 7,267]; and, in reference to exactly such a decree, in Barnard v. Gibson, 7 How. [48 U. S.] 656, the supreme court say: "The decree in the case under consideration is not final, within the decisions of this court. The injunction prayed for was made perpetual, but there was a reference to a master to ascertain the damages by reason of

---

[3] [From 2 Wkly. Notes Cas. 523.]

the infringement,"—and it was, therefore, determined that an appeal would not lie from such a decree.

It is evidently such a decree that is contemplated by the eighty-eighth rule in equity. Until a decree is made from which an appeal will lie, it is the clear implication of the rule that the cause remains under the control of the court, and that a rehearing may be granted at any time before final decree.

But it remains to consider in what mode the rehearing prayed for must be applied for. In reference to this the practice seems to be well settled. It is by petition to the court for leave to file a supplemental bill setting forth the newly discovered evidence, and for a rehearing of the cause at the time when the supplemental bill may be ready for hearing. This practice seems to have been long observed in England, and is said, by Mr. Justice Story, in Baker v. Whiting [Case No. 786], to have been sanctioned by Chancellor Kent in Wiser v. Blachly, 2 Johns. Ch. 488, and Livingston v. Hubbs, 3 Johns. Ch. 124, and by the circuit court in Rhode Island in Dexter v. Arnold [Case No. 3,856]. In Jenkins v. Eldredge, supra, where a decree similar to the one entered here had been made, the same eminent judge thus strongly states the rule: "The present application, if maintainable at all, should properly, in its prayer, be for leave to file a supplemental bill, to bring forward the new evidence, and for a rehearing of the cause at the time when the supplemental bill should also be ready for a hearing. In my judgment, it would be against the settled principles and practice of courts of equity, to allow the new evidence to be brought forward by a mere order upon the petition; and, indeed, in this stage of the cause, wholly irregular to admit it, except upon a supplemental bill, where testimony could be taken on both sides to meet the new exigencies of the case."

The petition in this case does not contain the specific prayer which is required to attain the desired result, and, in its present form, cannot be granted. But, as the argument upon it has been directed mainly to a discussion of its merits, as if it were allowable, it may be amended so as to make it conformable to the requirements of the practice. Its allowance, then, will depend upon the sufficiency of the two remaining grounds on which it is opposed.

2. It is incumbent on the defendants to satisfy the court that the omission to produce the evidence, which they now seek to make available, before the former hearing of the cause, is not due to any negligence on their part, but that they made diligent efforts to discover and obtain it. There is no doubt that it was entirely unknown to them until some time after that hearing. Their researches in the preparation of their defence are shown to have been extensive

and thorough, and in quarters most likely to furnish all the information obtainable touching the subject-matter of the suit; but they failed to disclose any trace of the existence of this new evidence. No negligence can be imputed to them on this score. Some time after the decree was entered, however, indefinite information of the probable existence of this evidence was acquired by them, and they have certainly prosecuted the pursuit of it with a zeal and industry which supply the full measure of any legal requirement. On the 27th of September last it came to them in such shape that it could be used in this application, and it was promptly thereafter brought to the attention of the court. Under these circumstances the defendants are not chargeable with any lack of reasonable diligence.

3. Is the new evidence material? It is not cumulative or corroborative of any of the original proofs, but sustains a distinct and independent relation to the fundamental question in the cause. I do not say that it is of such cogency as to entitle the defendants to a reversal of the decree heretofore made. That is to be determined hereafter; and I reserve any commitment whatever in reference to it. But I do say that it is of such significance, touching the complainant's title to the invention described in his bill, as to render it deserving of an answer, and to constitute a fit subject of judgment in the cause, to the end that it may properly receive the consideration of the appellate tribunal.

If, therefore, the defendants' petition is amended so as to embody an appropriate prayer, as hereinbefore indicated, it is ordered that the defendants have leave to file a supplemental bill, to bring forward the new evidence set forth in their petition, and that, when the proofs touching the same are completed, the said cause be reheard.

[For another case involving this patent, see Case No. 7,751.]