INHABITANTS OF BROOKS

*vs.*

BELFAST AND MOOSEHEAD LAKE RAILROAD COMPANY.

Waldo.    Opinion June 8, 1881.

*Review.    Error in an admission.*

Reviews when not a matter of right, are granted to prevent injustice.

A review of a judgment against a defendant will not be granted because of an error in an admission by the defendant, in an action to collect a subscription to stock, deliberately made, when it appears that all the facts were matters of record to which the defendant had access at the time of the admission, though it might be different if the defendant had been entrapped or misled into making the fatal admission without laches on his part, or had been prevented from ascertaining and procuring evidence of the real facts.

ON PETITION for review.

The opinion states the facts.    The case is reported to the full court for decision upon so much of the evidence and admissions of fact as are legally admissible.

*N. H. Hubbard*, for the petitioners.

The case of *B. & M. L. R. R. Co.* v. *Cottrell*, 66 Maine, 185, judicially established the fact that there was not stock enough subscribed to build the road from Belfast to Newport at the time the assessments were made and that the directors violated the fourth condition upon which the petitioners' subscription was made. In the former action *B. & M. L. R. R. Co.* v. *Brooks*, 60 Maine, 568, the defendants [these petitioners] admitted the contrary to be true.    This erroneous admission was without laches on their part.    They had able counsel to make up the case for them.    The subscription book did show a subscription of $935,700 and the engineer's estimate then was $906,500.    The mistake must have been a mutual one, or the R. R. Co. perpetrated a fraud upon these petitioners, and in either case a review should be granted.    *Stockbridge* v. *West Stockbridge*, 13 Mass. 303; 6 Met. 414.

The information acquired since the decision of the court in the original case, I think, shows conclusively that Brooks had a valid

defence, and that they were prevented from presenting it by mistake both of law and fact, and the court in the exercise of a sound discretion will grant a review.

*S. C. Strout, H. W. Gage* and *F. S. Strout*, for the defendant, cited : *Lexington* v. *Mulliken*, 7 Gray, 280 ; *Walpole* v. *Gray*, 11 Allen, 149 ; *Butler* v. *Charlestown*, 7 Gray, 16 ; Kerr on Fraud and Mistake, 303, 403–407 ; *Beckford* v. *Wade*, 17 Ves. 87 ; *Pickering* v. *Ld. Stamford*, 2 Ves. 583 ; *Jones* v. *Turberville*, 2 Ves. 11, note ; *Spaulding* v. *Farwell*, 70 Maine, 17 ; *Railroad* v. *Sleeper*, 121 Mass. 29 ; *Railroad* v. *Brooks*, 60 Maine, 576 ; *Foxcroft* v. *Devonshire*, 2 Burr, 936 ; *Mayfield* v. *Wadsley*, 3 Barn. and Cress. 357 ; *Van Slyck* v. *Hogeboom*, 6 Johns. 270 ; *Cogswell* v. *Brown*, 1 Mass. 237 ; *Wilkinson* v. *Payne*, 4 T. R. 468 ; *Booden* v. *Ellis*, 7 Mass. 507 ; *Lexington R. R. Co.* v. *Chandler*, 13 Met. 311 ; *B. & B. R. R. Co.* v. *Buck*, 65 Maine, 539 ; *K. & P. R. R. Co.* v. *Jarvis*, 34 Maine, 360 ; *Jordan* v. *Stevens*, 51 Maine, 78 ; *McCobb* v. *Richardson*, 24 Maine, 82 ; *Daniel* v. *Mitchell*, 1 Story, 172 ; *Warner* v. *Daniels*, 1 Wood. and Min. 90 ; 2 Graham and Waterman, New Trials, 48 ; *Brackett* v. *Morse*, 23 Vt. 554 ; *Kelsey* v. *Hanmer*, 18 Conn. 311 ; *Lester* v. *State*, 11 Conn. 415 ; *McLanahan* v. *Universal Ins. Co.* 1 Pet. 170 ; Story's Equity, § § 147, 151 ; *Fellows* v. *School Dist*. 39 Maine, 559.

VIRGIN, J. On February 25, 1868, the selectmen of the town of Brooks, pursuant to previous corporate authority of the town (60 Maine, 568), subscribed for two hundred shares of the non-preferred stock of the respondent railroad company, upon the condition that no assessment should be made thereon, until the full amount of subscription was secured for the completion of the road to Newport or to any junction of the Maine Central Railroad.

On June 23, 1868, the books were closed and returned to the treasurer, the whole amount of stock subscribed, as appeared therein, being $935,700. The engineer estimated the cost of constructing the road to Newport at $906,500 ; but the route was changed, making Burnham instead of Newport the place of junction, and the road constructed at an expense of $950,000,

which was less by $150,000 or $200,000 than the other route would have cost.

On July 20, 1868, the directors laid an assessment of fifteen per cent. upon all the subscriptions, and on February 3, 1869, the town paid fifteen hundred dollars on its assessment. Subsequently other assessements were laid, altogether covering the whole subscription, which, the town refusing to pay, the company, on March 12, 1870, brought an action to recover. At the April term, 1871, the action, by agreement of the parties, was reported to the law court upon certain evidence and admissions; and at the April term, 1873, judgment was rendered against the town for the unpaid balance of the subscription, and execution issued June 25, 1873.

At a legal meeting held September 16, 1873, the town, under a proper article in the warrant, instructed the selectmen "to settle the execution on the best terms they could obtain by the first of January following, by paying five thousand dollars in money, and the balance in town orders at par, payable in three equal installments of two, four and six years, at six per cent. annual interest." Accordingly on February 19, 1874, the parties compromised, the company discounted two thousand dollars, and received five thousand dollars cash, and the balance in town orders dated January 1, 1874, payable in two, four and six years. Thereupon the execution was discharged, and a certificate of two hundred shares of the company's stock was issued to and accepted by the town which has remained in the possession of its officers ever since, though placed on file with an offer of surrender when this petition was entered.

When the original action was made up for the law court, the report contained an admission on the part of the defendants in that action, that, at the time the assessments were made, there was stock enough subscribed for in the books of the company to complete the road. They now say that the admission was not true as matter of fact; that the admission was made by mistake and under misapprehension, they not knowing all the circumstances under which other subscriptions were made; that the subscriptions of Unity, Newport, Troy and Detroit, as well as

those of sundry individuals, were invalid, thus reducing the whole amount of valid subscriptions far below that estimated by the engineer as sufficient to complete the road even to Newport; that they had no knowledge of these facts until after the rendition and satisfaction of the judgment against them; and that the judgment could not have been rendered but for such admission. They therefore ask us to grant a review of the action and enable them to recover back the amount paid by them.

But granting that the subscriptions of the above named towns have been adjudicated to be invalid; that without them the aggregate amount of subscriptions was less than the sum estimated by the engineer to be sufficient for the completion of the road; and that if these facts had appeared in the report of the original action, instead of the admission to the contrary, the company would not, in the absence of any other controlling facts, have recovered the judgment; still it would not necessarily follow that a review would be warranted. Reviews, when not a matter of right, are granted to prevent injustice. The inhabitants of Brooks desired the construction of a railroad through their town. They deliberately agreed in their corporate capacity, by a vote of more than three to one, to pay $20,000 towards its construction, provided the location, terms of agreement, etc., should be satisfactory to their selectmen, and the advisory committee duly appointed therefor. Relying upon this agreement, the company built the road through the town and established a station therein, all to the satisfaction of the selectmen and committee. The town, when called upon to fulfill their agreement, paid a portion of the first assessment, refused to pay the balance and appealed to the court. They agreed upon the facts and were defeated. If they had been "entrapped or misled into making the fatal admission, and without laches on their part" (*Stockbridge* v. *W. Stockbridge*, 13 Mass. 303 approved in *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 424); or had been prevented from ascertaining, and procuring evidence of the real facts (*Ward* v. *Clapp*, 6 Metc. 414); justice might require us to grant a review. But the facts were all a matter of record, to which they had access. Moreover, after judgment, the town with full means of knowledge of

the facts, in its corporate capacity, deliberately caused their debt to be compromised and paid, and received their certificate of stock which they have ever since kept, offering to surrender it only when their case on the petition was completed for this court. There would be no more justice in granting a review for the cause assigned than for allowing the petitioners a review in order to plead the statute of limitations.

Moreover, we by no means feel clear that a review would result favorably for the petitioners. The decision of *B. & M. L. Ry. Co.* v. *Cottrell, supra,* was made upon the facts then before the court, one controlling fact being that the aggregate amount of valid subscriptions was less than the sum estimated by the engineer as sufficient to complete the road. It did not appear in that case as in this, that prior to laying any assessment, the company *bona fide* contracted with parties supposed to be responsible, for the completion of the road, at a sum considerably less than the aggregate sum of valid subscriptions. Had Cottrell's case disclosed that fact, the decision might have been different. But we have no occasion to decide this point.

*Prayer of petition denied.*

APPLETON, C. J., WALTON, DANFORTH and PETERS, JJ., concurred.

LIBBEY, J., having once been of counsel did not sit.