### BENNETT et al. v. SCHOOLEY.

(Circuit Court, W. D. Pennsylvania. November 18, 1896.)

BILL OF REVIEW—AFTER-DISCOVERED EVIDENCE—PATENT SUITS.

A defendant in a patent suit, against whom judgment has been rendered, is not entitled to file a supplemental bill, in the nature of a bill of review, upon the ground of after-discovered evidence, consisting of prior patents, which could have been found, by proper search in the patent office, before the decree was entered.

Sur Application for Leave to File a Supplemental Bill in the Nature of a Bill of Review.

A. S. Pattison and J. M. Nesbit, for plaintiffs.
Strawbridge & Taylor, for defendant.

BUFFINGTON, District Judge. This is an application by the respondent for leave to file a supplemental bill, in the nature of a bill of review. There has been a hearing upon proofs; opinion filed; decree entered, adjudging complainants' patent valid, and that respondent had infringed certain claims; and a reference to a special master for accounting. The alleged ground for the present application is after-discovered evidence, namely, United States patent No. 273,441, granted March 6, 1883, to J. H. Bevington, and English patent No. 2,908, granted in 1867 to Marmaduke Wilkin and John W. Clark, which are alleged to disclose the invention shown by Beckwith in the patent in suit. The principle is well settled that, to warrant the relief here sought, the party asking it must, inter alia, satisfy the court that he could not, with the exercise of due and reasonable diligence and care, have obtained such evidence prior to the hearing of the cause. Hitchcock v. Tremaine, 9 Blatchf. 550, Fed. Cas. No. 6,540; Reeves v. Bridge Co., 2 Ban. & A. 256, Fed. Cas. No. 11,661; Baker v. Whiting, 1 Story, 218, Fed. Cas. No. 786; Page v. Telegraph Co., 2 Fed. 333. Tested by this standard, we are clearly of opinion that the petitioner has not shown himself entitled to the relief sought. Patent No. 298,935, to J. H. Bevington, was by him offered in evidence, and examined and considered by his expert witness. It expressly referred to the Bevington patent, now sought to be shown as after-discovered evidence, in these words:

The object of this invention is to improve certain devices, on which I have already obtained letters patent No. 273,441, dated March 6, 1883, and to which reference is had in this specification.

With such notice of the existence of the prior patent then and there brought home to him, he cannot urge it as after-discovered evidence.

As to the English patent, the respondent has not met the burden the law casts on him. The only proof is that, after conference with his then local counsel, he wrote a firm of patent solicitors in Washington for copies of all patents prior in date to the patent in suit, relating to the subject of torpedoes; that they sent him a number of patents, but the two patents now complained of were not among them. There is no proof as to the nature of search made by the

firm to which he sent, or, indeed, that any was made. We cannot presume that such search was made. Indeed, if presumptions were to avail, the presumption is rather against the theory of a thorough search. The patents sent did not include the Bevington patent, now complained of, and which was covered by the respondent's request. Then, too, respondent's affidavits show that on search by his Philadelphia counsel, made in preparation for the present application, the English patent was found in the place in the patent office where prudence suggested a search be made. In the absence of all affirmative proof that such a search was made by the parties to whom respondent first applied, we think we are justified in assuming that, if such search had been made when the bill was filed, it would have resulted as the present one did, viz. in finding the English patent. Respondent's application will be discharged, at his cost.