JORGENSON v. YOUNG.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1905.)

No. 1,089.

1. BILL OF REVIEW—FILING—TIME.

A bill of review in a court of equity, not filed until more than two years after the judgment in the original suit was entered, and until long after the time for an appeal had expired, was too late.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 1101–1109.]

2. SAME—NEWLY DISCOVERED EVIDENCE.

In a suit to compel cancellation of a mortgage, defendant testified, in resistance of plea of payment, that his brother was not his authorized agent or attorney in fact, and had no power to act for him. After an adverse decree, plaintiff filed a bill of review alleging that such testimony was false, and was surmised by him so to be at the time it was given; that the falsity could be shown by powers of attorney of record, of which he at the time of the trial had no knowledge; and that the court would not have granted an adjournment to have enabled plaintiff to have searched the records, which were not easily accessible to the place of trial, but which had subsequently been found. *Held,* that such records were not newly discovered evidence sufficient to sustain the bill.

3. SAME—MATERIALITY.

In the absence of proof that the debt had in fact been paid, the existence or nonexistence of the powers of attorney was immaterial.

Appeal from the District Court of the United States for the First Division of the District of Alaska.

It appears from the record in this cause that one Burns, while the owner of a lot of land in the town of Juneau, Alaska, mortgaged it to C. W. Young (appellee in this suit), and then sold and conveyed the lot to James P. Jorgenson (appellant here), after which, to wit, on the 26th day of January, 1901, Jorgenson brought a suit in the District Court for the District of Alaska to compel Young to cancel the mortgage, upon the alleged ground that the debt, to secure which the mortgage was given, had been paid. Young filed an answer to that bill, denying the alleged payment, and also filed a cross-bill in the suit, setting up his mortgage, and praying a foreclosure thereof. That suit was tried on the 11th of January, 1902, and resulted in a decree of foreclosure, entered February 1, 1902. In April, 1904, Jorgenson presented to the same court a petition for leave to file therein a bill of review, in which he set up the commencement and ending of the former suit, and further alleged: "That since the time of the pronouncing of the said decree he hath discovered new matter of consequence in this cause, which is material, and which could not by ordinary diligence or prudence have been produced upon the trial of the said cause, and that the same is of such material consequence that, if the same was known to the court by way of evidence and proof upon the trial of the said cause, no decree whatever could have been entered for the defendant, but that the decree would have been favorable to the plaintiff." Based upon that petition, the court below granted Jorgenson leave to file a bill of review, which order was entered April 11, 1904, and on the same day he brought the present bill of review against Young, in which bill he set out, among other things, the bill, answer, and cross-bill in the original suit. The bill in the original suit alleged that on the 19th day of December, 1896, at the town of Juneau, Alaska, Burns executed to C. W. Young his promissory note for the sum of $1,500, bearing interest at the rate of 1 per cent. per month, and at the same time and place executed to Young a mortgage upon the lot of land above referred to, as security for the payment of the note, which mortgage was duly recorded in the recorder's office of the Juneau District; that thereafter Burns paid the indebtedness, and that Young refused to cancel the mortgage or to acknowledge satisfaction of the debt, and retained the

note and mortgage, and continued to claim an interest in the land by reason thereof. The prayer of the original bill was for a judgment decreeing the debt satisfied and directing the cancellation of the mortgage of record. The answer to that bill denied the payment of the indebtedness, as security for which the mortgage was executed, and by his cross-bill filed in that suit Young set up the same note and mortgage, alleged that the debt had never been paid, prayed a decree foreclosing the mortgage, and also asked for personal judgment against Burns for the said sum of $1,500, with interest thereon from the 19th day of December, 1896, at the rate of 1 per cent. per month, and for $500 attorney's fee, and for the cross-complainant's costs and disbursements. The present bill of review alleges that Burns appeared and answered the cross-bill in the original suit, admitted the execution of the note and mortgage mentioned, and alleged, in defense: "That the note and mortgage so given, and each and every sum of money advanced or paid out by the said C. W. Young on account of the said mortgage and note of the said Archibald Burns, have been fully paid, and that the debt evidenced by the said note and mortgage has been paid and fully satisfied." The bill of review alleges that thereupon, and after issue had been joined upon the respective averments, the cause was heard before the court on the 11th day of January, 1902, when a decree was pronounced by the court to the effect that the original complainant take nothing by his suit, and further decreeing "a full, complete foreclosure of the mortgage set up in the defendant's cross-bill, adjudging to be due thereon the sum of $2,255, finding that no part of the same had been paid by the mortgagor," and decreeing a sale of the mortgaged property. The bill of review then alleges that thereupon: "The plaintiff having been surprised upon the trial by the evidence therein given, and believing that important and material evidence had been suppressed, concealed, and kept from the plaintiff and the court, and that gross fraud and perjury had been committed by the defendant, began an investigation which revealed, and whereby he, the plaintiff, discovered, new evidence sufficient that if the same had been known or could have been known to him or established upon the former trial, such a decree could not have been rendered, and such evidence is abundantly sufficient to defeat any attempt on behalf of the defendant to sustain his claims set up in his cross-bill, which could not have been by ordinary diligence discovered so that the same could have been used upon the former trial. Thereupon, in order that the plaintiff receive the benefit of such newly discovered evidence, he was advised by his counsel that the only course to pursue was by some sort of motion in the court, requiring the defendants to show cause why the said decree should not be vacated and set aside. To that end and purpose, the plaintiff, through his counsel, John G. Heid, caused to be filed in this court a motion requiring the defendants to show cause why the said decree should not be set aside, and thereupon, and in support of the said motion, filed the following affidavit of John G. Heid." The affidavit of Heid is to the effect that he acted as attorney for Burns in the original suit, and that, prior to Jorgenson's purchase of the lot in question, one Frank W. Young, brother of C. W. Young, repeatedly stated to affiant that the mortgage debt in question had been paid, and repeatedly promised the affiant to satisfy the mortgage upon the record, and that he, Heid, so testified on the trial of the former suit, and that Jorgenson himself also testified on that trial that Frank W. Young had on several occasions made the same statement to him, Jorgenson, before his purchase of the lot. The affidavit of Heid also states that the original decree was occasioned by the willful fraud of C. W. Young, consisting, according to the statements of the affidavit, in this: that on the trial of the original suit C. W. Young testified in his own behalf that his brother, Frank, had no authority to collect or satisfy the mortgage debt in question, and that he was not, and had not been, his agent in making the statements in respect to the payment and satisfaction of the mortgage debt, whereas C. W. Young then well knew that his brother, Frank, had full charge of his business, and well knew that the mortgage debt had been paid and satisfied, and that his testimony was false; that C. W. Young then well knew that on January 2, 1895, he had given to his brother, Frank, a special written power of attorney authorizing him to satisfy any and all mortgages owned by the said C. W. Young, and that on the 15th day of May, 1895, he had

given his brother, Frank, a general power of attorney in writing, both of which powers were of record in the office of the recorder of the district; that the testimony of C. W. Young, given on the trial of the original suit, was willfully false, and was given for the fraudulent purpose of misleading the court, and obtaining a judgment in his favor and against Jorgenson. The bill of review is silent in respect to what, if any, disposition was made of the motion in the original suit to set aside the decree based upon the affidavit of Heid. The bill of review further alleges that the mercantile establishment and business of C. W. Young is situate not more than 100 feet from the business house of the complainant, and has been so situate for more than six years; that the complainant, both by observation and from direct communication with C. W. and Frank W. Young, recognized Frank as the representative and attorney in fact of C. W. Young; and that, "so believing and relying upon that fact, the plaintiff herein, upon the trial of the former suit, was surprised and disappointed when the said defendant testified that the said Frank W. Young was not his authorized agent or attorney in fact, and had no power to act for him." The bill of review further alleges that it was due to such observation and information on the part of the complainant that, at the time and prior to his purchasing the lot in question, he asked Frank W. Young in respect to the mortgage, who then and at other previous times told him that the debt had been paid, and promised him to satisfy the mortgage of record, upon which representations the complainant acted in making the purchase. The bill of review also alleges that the two powers of attorney from C. W. Young to Frank W. Young were of record at the time of the testimony of C. W. Young in the former suit, and then avers: "That the testimony so given by the said Charles W. Young was a surprise to the plaintiff herein, and was given on the trial, and the plaintiff had no opportunity to rebut the same, nor could he, under the circumstances, by the exercise of ordinary diligence, have secured such rebuttal testimony; that the records so kept in the District of Alaska by the said recorder are not kept in or near the courthouse where the said cause was being tried, and in order to investigate as to the truth of the said appointment of the said Frank W. Young it would have required an adjournment of the court, which the court would not have granted under the mere surmise of the counsel that such record did exist, but immediately after the passing of the said decree, and owing to the suspicions of this plaintiff as aforesaid, inquiry revealed the fact that the said power of attorney was of record, as the same is here exhibited in the affidavit of John G. Heid set forth in this bill; that therefore, and by reason of the facts as aforesaid, your orator doth charge that gross fraud and deceit were practiced upon him; that perjury was committed, and, without such fraud and perjury having been committed, the decree of this court could not and would not have been made as aforesaid, but that the truth in relation to such facts, had the same been known, as it could have been presented, would have prevented any decree in favor of the defendant, Charles W. Young, and would have warranted and authorized a decree in favor of the plaintiff." It is further averred in the bill of review that the mortgage debt was in fact paid, and that such fact is shown by the books of C. W. Young. A demurrer to the bill of review, based upon the grounds of the insufficiency of the bill, and the absence of Burns as a party thereto, was sustained by the court below, and, the complainant declining to amend, judgment was entered dismissing the bill, from which the present appeal is taken.

J. A. Hellenthal and L. S. B. Sawyer, for appellant.

R. W. Jennings, Warren Gregory, and W. H. Chickering, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge, after stating the case as above, delivered the opinion of the court.

We are of the opinion that the judgment of the court below was right, for several reasons. The judgment in the original suit was entered

February 1, 1902; the bill of review was not filed until April 11, 1904 —long after the time for an appeal from that judgment had elapsed. The rule is well settled in courts of equity of the United States that a bill of review must ordinarily be filed within the time limited by statute for taking an appeal from the decree sought to be reviewed, where the review sought is not founded on matters discovered since the decree. Thomas v. Brockenbrough, 10 Wheat. 146, 6 L. Ed. 287; Whiting v. Bank, 13 Pet. 6, 10 L. Ed. 33; Kennedy v. Bank, 8 How. 586, 12 L. Ed. 1209; Clark v. Killian, 103 U. S. 766, 26 L. Ed. 607; Blythe Co. v. Hinckley, 111 Fed. 827, 49 C. C. A. 647. This bill is not founded on matters discovered since the original decree, for it shows upon its face that the complainant "surmised," when the alleged false testimony was given, that it was not true. It shows, moreover, that the facts which the complainant contends show it to have been false were, in part, matters of public record, of which the complainant had at least constructive notice, and of which he might have had actual notice by going to the recorder's office of the district. "The newly discovered evidence which may form the basis of such a review must be not only evidence which was not known, but also such as could not with reasonable diligence have been found, before the decree was made." Hill v. Phelps, 101 Fed. 650, 652, 41 C. C. A. 569, and cases there cited. The language of the Supreme Court in denying a petition to file a bill of review, in the case of Dumont v. Des Moines Valley Railroad Co., 131 U. S. cix, 25 L. Ed. 520, is also pertinent. The court there said:

"This application is denied. The petitioners have not shown such diligence as will entitle them to reopen a litigation that has been carried on with so much pertinacity for a great number of years. The new matter relied upon consists principally of record evidence drawn from the archives of the government, which might as easily have been found at the time the controversy arose as now. The treaty was a part of the law of the land, and the maps and official reports have been on file in the proper government office, where they were discovered, for a quarter of a century. We are all of the opinion that, if a bill of review should be filed containing all the averments that are in the present petition, it ought not to be sustained. Clearly, then, leave ought not to be granted for a continuance of the litigation."

See, also, United States v. Beebe, 180 U. S. 343, 21 Sup. Ct. 371, 45 L. Ed. 563; Bailey v. Willeford (C. C.) 126 Fed. 807; Atkinson v. Connor, 56 Me. 546; Brooks v. Belfast Co., 72 Me. 365.

Not only does the present bill show upon its face that the complainant suspected, while the alleged false testimony was being given, that it could be so shown by written power of attorney, but the only excuse given for not examining the records to see is that such records were not kept in or near the courthouse where the case was being tried, and that an investigation as to the truth of the testimony would have required "an adjournment of the court, which the court would not have granted under the mere surmise of the counsel that such record did exist." Such an excuse is hardly worthy of serious consideration. Besides, if the debt was not in fact paid, the existence or nonexistence of the power of attorney is immaterial. The real and only issue between the parties. at the trial was whether or not the debt had been paid. Even if F. W. Young had been a witness upon that trial, and had testified upon that issue in favor of the complainant, the case made would only be one in

which his testimony was in contradiction of that given by C. W. Young, and would, as a matter of course, constitute no ground for a bill of review. It is but fair, too, to say that it is possible that the written pow· ers of attorney from C. W. to F. W. Young, which appear to have been executed several years prior to the time of the trial of the former action, may have been revoked, and that C. W. Young's testimony on that trial may not, as a matter of fact, have been false. To all of which may be added that it does not appear what, if any, disposition was made of the motion made by the complainant in the former suit to vacate the decree now complained of, based upon the same grounds.

The judgment is affirmed.