## CHESTER N. WEAVER, Inc., v. AMERICAN CHAIN CO., Inc.*

(Circuit Court of Appeals, Ninth Circuit. November 2, 1925.)

No. 4444.

Equity ⏤447(1)—Alleged newly discovered matter and general interest in case held not ground for granting of leave to file bill of review in trial court.

In patent infringement suit, alleged newly discovered matter, consisting of preliminary statements by plaintiff in prior interference proceedings and patent granted to others than plaintiff, and fact suit was of great interest to industry involved, held not ground for granting leave to file bill of review in trial court after appeal had been perfected.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California. Second Division; Benjamin F. Bledsoe and John S. Partridge, Judges.

See 1 F.(2d) 590.

Samuel M. Shortridge, of San Francisco, Cal., Drury W. Cooper, of New York City, and Wm. K. White and Carey Van Fleet, both of San Francisco, Cal., for appellant.

Frederick S. Duncan, of New York City, and John H. Miller and Charles E. Townsend, both of San Francisco, Cal., for appellee.

Before GILBERT, MORROW and RUDKIN, Circuit Judges.

MORROW, Circuit Judge. The decree here referred to is a final decree, adjudging plaintiff, the American Chain Company, Inc., the owner of letters patent No. 1,191,306, issued to Thomas A. Hoover on July 18, 1916, on application filed January 24, 1912, and of all rights for profits and damages by reason of past infringements thereof.

The patent relates to improvements in bumpers for vehicles, and particularly to bumpers used upon self-propelled vehicles, such as automobiles. The purpose of the invention is to absorb the shock of collision in coming in contact with another object, for example, with another vehicle.

The bumper is made of flat strip spring steel, consisting of an impact spring bar, ex-

tending across the front of the automobile, substantially, from tire to tire.

The invention is described in two forms, one of which is a bumper made of a single continuous long strip of spring steel, forming the front or impact member of the bumper, with ends bent to form elongated loops and rearwardly extending attaching arms, the ends of which are suitably attached to the side members of the automobile frame. A separate reinforcing strip is riveted to the front or body portion of the impact member. This reinforcing strip may, if desired, be made integral with the body portion in the form of a rib.

The other form of the bumper has an impact member in front, made of a continuous strip of spring steel with the end loops bent around rivets or pins and thence continued straight across in the rear of, and substantially parallel to, the impact or body bar to which the rear member is connected in the middle by means of a spacer block. The purpose of this parallel rear member is to reinforce the center of the impact or body bar as the reinforcing strip riveted to the impact bar does in the first-mentioned form. This bumper is connected with the side members of the automobile frame by supporting arms substantially as in the other form.

The alleged infringing device is also an invention relating to bumpers for motor vehicles, and its purpose is to absorb the shock of collision in coming in contact with another object. It is known as the Lyon bumper, for which patent No. 1,198,246 was issued to George Albert Lyon on September 12, 1916, on an original application filed April 21, 1913, and on a divided application filed June 30, 1916. Like the Hoover bumper, it is made of flat strip steel; it has rearwardly bent open loops at each end of the impact bar. The inner ends of the loops are recurved to form supporting arms by which the bumper may be attached to the frame of the automobile.

The particular features in which the Lyon bumper differs from the Hoover bumper are the bent open end loops of the impact bar in the Lyon bumper as contrasted with the elongated loops of the first form of the Hoover bumper and the closed end loops bent around rivets in the second form of the Hoover bumper. It is claimed by the defendant that the Lyon end loops are more resilient and serviceable than the Hoover end loops. The Lyon bumper also differs from the Hoover bumper in the structure of the impact spring. In the Lyon bumper the impact spring in

 *Rehearing denied January 4, 1926.

front or transverse member is made in two opposed resilient parts, with the ends overlapping each other in the middle; such ends being clasped together with detachable clips. It is claimed by the defendant that this form of structure can be readily adjusted to car frames of different widths, and that it is more resilient and serviceable as a spring than the Hoover single continuous spring.

The decree under consideration recites that Thomas A. Hoover was the first, original, and sole inventor of the invention set forth and claimed in said letters patent; that during the summer of 1910 said Thomas A. Hoover made and completed and caused to be publicly used in the United States the invention described and claimed in said letters patent No. 1,191,306; that said letters patent No. 1,191,306 are good and valid; that the defendant, Chester N. Weaver, Inc., had infringed claims 1, 3, and 6 of said letters patent by the sale of the Lyon bumpers complained of, and identified as the Lyon resilient bumper and the Lyon convex bumper.

The decree recites further that none of the alleged defenses had been sustained; that plaintiff was entitled to recover of defendant, Chester N. Weaver, Inc., the profits received by it and the damages caused to the plaintiff by or resulting from such infringement by defendant by the sale of the Lyon resilient bumper and the Lyon convex bumper, and the plaintiff was entitled to an accounting from said defendant Chester N. Weaver, Inc., of such profits and damages caused by or resulting from such infringement by defendant, but that plaintiff had waived such accounting and its right to recover damages and profits over and above the nominal amount of $1 for and in respect of any and all infringing bumpers made, used, or sold by the defendant, Chester N. Weaver, Inc.

It was therefore adjudged and decreed that the plaintiff recover of the defendant, Chester N. Weaver, Inc., the sum of $1 as and in lieu of profits and damages by reason of said infringement, and that by reason of said infringement, and that by reason of the foregoing, no provision was made for an accounting, and the decree was accordingly made final.

The suit upon which this decree was entered was commenced September 6, 1921. The defendant appeared and filed answer on December 3, 1921, and an amended answer on January 13, 1922. The answer denied the Hoover invention, and charged that every material and substantial part of the alleged invention had been known to and was in public use or had been invented by persons named in the answer, and had been described in printed publications referred to in the answer and amended answer.

The defendant also filed, on January 7, 1922, a list of interrogatories, calling upon the plaintiff to make certain disclosures concerning the Hoover invention. The interrogatories were answered by the plaintiff, and on September 8, 1922, the cause was referred to H. M. Wright, the special master in chancery, "to take the testimony and report the same to the court with his findings and conclusions thereon, subject to the full consideration of the court." The special master proceeded to take the testimony as directed, making a voluminous record, and on November 27, 1922, announced to the parties his draft report.

During the proceedings there were introduced in evidence numerous depositions taken in various parts of the United States.

In his draft report, the master found, among other things, that Lyon conceived and reduced his invention to practice in the early part of 1911, and that Hoover conceived his invention in the spring of 1910, and reduced the same to practice in July, 1910. Both findings as to priority of conception were based upon oral testimony. The master reported that plaintiff was entitled to a decree, adjudging validity of its patent, infringement by defendant, and for an injunction as prayed for, and for a decree assessing damages, and for an accounting of profits from September 6, 1921, to the date of the master's report. The defendant filed objections to the master's report, and a petition for rehearing on July 25, 1923. In a supplemental report, the master denied the petition for a rehearing, and on March 9, 1923, filed with the District Court his draft report, his supplemental report, and his report on the reference.

On March 29, 1923, defendant filed in the lower court exceptions to said report and supplemental report. Defendant also renewed his petition for a rehearing, which was made and granted by the court, and on June 23, 1923, an order was made, again referring the cause to the special master for the purpose of taking the testimony of such witnesses as defendant should desire, whose affidavits were submitted to the master in connection with defendant's motion before the master for reopening the case. No other witnesses were to be heard.

On this second reference, testimony was taken as directed by the court, and the master thereupon made his final report in which

he reviewed the testimony and reported that plaintiff's letters patent to Hoover were valid, and that he was the original and first inventor of the device described in said patent.

On September 7, 1923, defendant filed exceptions to the said supplemental report, and all the reports of the special master. The case was heard on these exceptions by Judge Bledsoe in the District Court, and all the exceptions to the master's report were overruled, and the findings and judgment in favor of plaintiff and against defendant were approved in an extended opinion reviewing all the testimony. Thereupon the court entered the decree in favor of the plaintiff heretofore referred to.

. From this decree defendant has taken an appeal to this court, where the transcript of record was filed December 23, 1924. The case was placed on the calendar of this court for April 1, 1925. On March 27, 1925, or four days prior to the date fixed for the hearing of the case on appeal, the defendant appellant filed in this court a petition for leave to file in the District Court an original bill in the nature of a bill of review. It is alleged that the purpose of such a bill is to have the decision appealed from set aside and reversed. The grounds of this motion are:

(1) That, since the time of filing and entry of the final decree herein, the petitioner has discovered new matter of great consequence which is material to the validity and scope of the patent in suit, to wit: Letters patent of the United States No. 205,162, granted on June 18, 1878, to Basil M. Wilkerson for improvement in sleds.

(2) German patent No. 273,589 to George Frank for spring bumper for motor vehicles.

(3) That, since the entry of the final decree herein, the attention of the petitioner was first called to Hoover's preliminary statement filed in the Krasmer-Hoover interference, and sworn to by Hoover on August 18, 1913, in which Hoover swore that his first full-sized fender was completed in August, 1911.

(4) That, since the entry of the final decree herein, petitioner's attention was first called to Hoover's preliminary statement filed in the Duffy-Hoover interference, and sworn to by Hoover on September 8, 1914, in which Hoover again, at that early date, swore that his first full-sized fender was completed in August, 1911.

(5) That this suit is regarded by the automobile bumper industry in the United States as a test case; that many other suits on the Hoover patent have been brought in various districts against manufacturers, respectively, making various and sundry types of bumpers, and these suits are based upon the contention that the Hoover patent claims are to be construed broadly, regardless of the limitations which Hoover was compelled to insert therein, in order to secure the allowance thereof; that further proceedings in said numerous suits have been delayed and are awaiting upon the decision herein by this court; that by reason of the foregoing situation the final decision herein is of great public importance and interest.

(6) For the purpose of showing the interest and importance of the decision herein to the general public, there is filed herein a copy of the original petition in the suit of United States of America v. American Chain Company, Inc., in equity No. E–27–27, now pending in the United States District Court for the Southern District of New York.

With respect to the Wilkerson patent, No. 205,162, and the German patent No. 273,589, we do not find that either of them reveal evidence of such prior art as is material to the validity and scope of the Hoover patent, but we shall place our ruling upon the ground that, had the petitioner used reasonable diligence in searching for these patents since the commencement of this suit on September 6, 1921, they might have been found and offered in evidence before the entry of the final decree.

The same ruling is applicable to the discovery alleged to have been made in the Krasmer-Hoover and the Duffy-Hoover interferences. Besides, if admitted, the evidence would be merely accumulative, and upon this motion it does not appear to us it would change the result.

The fact that the suit is regarded by the bumper automobile industry as a test case does not appeal to us as a reason for a bill of review. In the appealed case which we are next to consider, we understand that this supposed important feature of the case has been presented in the proceedings before the master and before the District Judge, and that the voluminous record indicates the questions at issue to have been carefully and fully presented and considered by both the master and District Judge.

With respect to the case of United States v. American Chain Company, Inc., —— F.(2d) ——,[1] now pending in the United States District Court for the Southern District of New York, we are of the opinion that the fact is irrelevant and immaterial to any question in the present case.

In Dumont v. Des Moines Valley Railroad Co., 131 U. S. CLX, 25 L. Ed. 520, the Su-

[1] Still pending April 7, 1926.

preme Court had before it a petition to file a bill of review. The application was made to the Circuit Court and denied, and the petitioner appealed to the Supreme Court. Chief Justice Waite, speaking for the Supreme Court, said:

"This application is denied. The petitioners have not shown such diligence as will entitle them to reopen a litigation that has been carried on with so much pertinacity for a great number of years. The new matter relied upon consists principally of record evidence drawn from the archives of the government, which might as easily have been found at the time the controversy arose as now. The treaty was a part of the law of the land, and the maps and official reports have been on file in the proper government office, where they were discovered, for a quarter of a century. We are all of the opinion that, if a bill of review should be filed containing all the averments that are in the present petition, it ought not to be sustained. Clearly, then, leave ought not to be granted for a continuance of the litigation." 

We are of opinion that the rule here so clearly and definitely established by the Supreme Court is applicable here, and that, if a bill of review should be filed containing all the averments that are presented in the present petition, it ought not to be sustained.

The case of Dumont v. Des Moines Valley Railroad Company, supra, was followed by this court in Jorgenson v. Young, 136 F. 378, 381, 69 C. C. A. 222. See, also, Kissinger-Ison Co. v. Bradford Belting Co., 123 F. 91, 59 C. C. A. 221, and Eclipse Mach. Co. v. Harley-Davidson Motor Co. (C. C. A.) 286 F. 68. In the last case the Circuit Court of Appeals for the Third Circuit makes the further objection to the granting of leave to file a bill of review based upon newly discovered evidence that the order will not be made unless the evidence is of such a decisive character on the merits as to move the court in its discretion—citing authorities: Bennett v. Schooley (C. C., W. D. of Pa.) 77 F. 352; Hitchcock v. Tremaine, 9 Blatchf. 550, Fed. Cas. No. 6,540; Reeves v. Bridge Co., 2 Ban. & A. 256, Fed. Cas. No. 11,661; Baker v. Whiting, 1 Story, 218, Fed. Cas. No. 786; 20 R. C. L. 289–300, and cases.

The evidence in the record, the proceedings in the lower court, and the proposed new evidence submitted on this motion is far short of such a decisive character on the merits as to move this court to grant further delay in the litigation.

The petition for leave to file a bill of review is denied.