The Court
decided as a conclusion of law that Claims 1,2, 5, and 6 of the plaintiff’s first patent, 971,029, and Claims 1,2, and 29 of plaintiff’s second patent, 1,024,682, are invalid; that Claim 4 of plaintiff’s second patent is valid and has been infringed by the United States; that Claim 5 of the second patent is valid but has not been infringed; and that plaintiff is entitled to compensation for the unauthorized use by the United States of the invention disclosed in Claim 4 of plaintiff’s patent 1,024,682 under the act of June 25,1910, 36 Stat. 851, as amended by the act of July 1, 1918, 40 Stat. 705 and section 155 of the Judicial Code.
On June 1, 1942, defendant’s motion for a new trial was overruled in an order as follows:
OEDEE

Overruling Defendant's Motion for a New Trial

The defendant has filed a motion for a new trial upon alleged newly discovered evidence in the prior art with reference to> the finding, opinion, and decision of the court published March 3, 1941, holding Claim 4 of the patent, No. 1,024,682, valid and infringed. This alleged newly discovered evidence consists of an article entitled “Notes on the Form of High-Speed Ships” of A. E. Long, M. A., in a publication entitled “International Marine Engineering” of June 1908. This article and the affidavits accompanying the motion for a new trial have been considered and the court finds that (1) the article is not newly discovered *357 evidence; (2) it contains no disclosure anticipatory of Claim 4 of the patent in suit; (3) the disclosures in the article are merely cumulative in the prior art disclosures originally before the court and duly considered and passed upon in the findings and opinion (finding 19; Deft.’s Ex.’s 6-A and 6-B) ; and (4) if the A. E. Long article were in evidence as a part of the record on the prior art, its disclosure would not change the result originally reached by the court in the original findings, opinion, and judgment of March 3, 1941. Eclipse Machine Co., et al. v. Harley-Davidson Motor Co., et al., 286 Fed. 68; Gillette Safety Razor Co. v. Triangle Mechanical Laboratories Corp., 15 Fed. Supp. 95; Stewart-Warner Corp. v. Levally, et al., 16 Fed. Supp. 778; Activated Sludge, Inc., et al. v. Sanitary District of Chicago, 33 Fed. Supp. 692. Wherefore,
It is ordered, adjudged, and decided this June 1,1942, that the defendant’s motion for a new trial be, and the same hereby is, overruled.