TAIGMAN v. FORSBERG et al.

(Circuit Court of Appeals, Second Circuit. March 9, 1915.)

No. 182.

PATENTS ⬅☞328—VALIDITY AND INFRINGEMENT—ANTICIPATION BY PRIOR USE—MOTOR CONTROL.

The Taigman patent, No. 1,044,944, for a pulley brake for motor-controlled apparatus, and the Taigman, Wald & Britsch patent, No. 984,327, for a motor-controlled apparatus, both relating to control and brake apparatus for sewing machines operated by electric motors, *held* to disclose invention, and not shown to have been anticipated by prior use under the rule that, to establish such defense on oral evidence, the proof must be clear, satisfactory, and beyond reasonable doubt; also *held* infringed.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here on an appeal from a final decree entered in the District Court of the United States for the Southern District of New York, which decree was entered on September 21, 1914, and dismissed the complainant's bill.

The complainant is a citizen of the United States and a resident of the borough of Manhattan, city and state of New York. The defendant is a citizen of the United States, residing in the state of New York, and maintains an established place of business within the Southern District of New York. David Wald is also a citizen of the United States and a resident of the borough of Manhattan, city and state of New York.

Hillary C. Messimer and Albert M. Austin, both of New York City, for appellant.

Charles Podsenick, of New York City, for appellees.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. This is a suit in equity arising under the patent laws of the United States. The plaintiff alleges that he is the sole owner of United States letters patent No. 1,044,944 granted to him on November 19, 1912, for pulley brake for motor-controlled apparatus. He also alleges that he is the owner of an undivided two-

thirds interest in United States letters patent No. 984,327, granted on February 14, 1911, to himself and D. Wald and O. C. Britsch for motor-controlled apparatus; the plaintiff's two-third interest in the said patent being his own undivided one-third interest arising from the grant, together with the interest of his' coinventor, Britsch, which he has acquired by virtue of an assignment. David Wald, as the owner of the remaining one-third interest, having been requested by plaintiff to join in the suit, and having failed to do so, has been made a defendant. William Forsberg, the other defendant herein, it is alleged, is infringing the plaintiff's rights under both of these patents. An injunction is sought, together with an accounting of the damages and profits.

The patents in suit both relate to control and brake apparatus for sewing machines operated by electric motors. Power sewing machines are driven at very high speed, and must be capable of being started and stopped instantly. The treadle used to operate the machine by foot power is utilized to move the speed control lever and apply the brake to the motor when the current is cut off. Counsel called attention to the fact that these machines are not used by skilled mechanics or electricians, and that therefore simplicity of construction and certainty of operation are essential to success. Moreover, it is necessary that the electric control or rheostat should be so constructed as to minimize or avoid danger of fire, as a spark escaping from the control box might easily set fire to the flimsy dress of the girl operator or the material being sewed. And it is important that the apparatus should be very compact, so as to occupy a very small space under the sewing machines. The patents in suit relate to improvements which go to meet the requirements above stated. The claims in suit are of a limited character. In patent No. 984,327 the specification states the object of the invention as follows:

"An object of the invention is to provide simple and efficient apparatus for controlling electric motors, which can be used for various purposes, though particularly useful in connection with motor-driven sewing machines or the like, which is rapid and positive in operation, which can be operated by means of a pedal, and which, when the pedal or corresponding part is released, automatically stops the motor."

And in patent No. 1,044,944 the specification states the object of the invention as follows:

"An object of my invention is to provide a readily actuated brake mechanism for simultaneously manipulating the brake to apply the same when the power is shut off, said mechanism having means for adjusting the support of the brake whereby the wear in the latter may be taken up and the effectiveness of the brake action varied."

If the patents are valid, infringement is admitted. To defeat the patents, defendant relies upon oral testimony as to prior uses; the testimony being unsupported by any documentary or record evidence. The defendant claims that the inventions of the patents were in public use more than two years before the patents were granted. A number of patents were set up in the answer, but none of them were referred to by defendant at the trial.

The Supreme Court of the United States, in the case of the Barbed Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450, 36 L. Ed. 154 (1892), held that when an unpatented device, the existence and use of which are proven only by oral testimony, is set up as a complete anticipation of a patent, the proof sustaining it must be clear, satisfactory, and beyond a reasonable doubt. The court in the course of its opinion, which was written by Mr. Justice Brown, said:

"We have now to deal with certain unpatented devices, claimed to be complete anticipations of this patent, the existence and use of which are proven only by oral testimony. In view of the unsatisfactory character of such testimony, arising from the forgetfulness of witnesses, their liability to mistakes, their proneness to recollect things as the party calling them would have them recollect them, aside from the temptation to actual perjury, courts have not only imposed upon defendants the burden of proving such devices, but have required that the proof shall be clear, satisfactory, and beyond a reasonable doubt. Witnesses whose memories are prodded by the eagerness of interested parties to elicit testimony favorable to themselves, are not usually to be depended upon for accurate information. The very fact, which courts as well as the public have not failed to recognize, that almost every important patent, from the cotton gin of Whitney to the one under consideration, has been attacked by the testimony of witnesses who imagined they had made similar discoveries long before the patentee had claimed to have invented his device, has tended to throw a certain amount of discredit upon all that class of evidence, and to demand that it be subjected to the closest scrutiny. Indeed, the frequency with which testimony is tortured, or fabricated outright, to build up the defense of a prior use of the thing patented, goes far to justify the popular impression that the inventor may be treated as the lawful prey of the infringer. The doctrine was laid down by this court in Coffin v. Ogden, 18 Wall. 120, 124 [21 L. Ed. 821], that 'the burden of proof rests upon him,' the defendant, 'and every reasonable doubt should be resolved against him. If the thing were embryotic or inchoate, if it rested in speculation or experiment, if the process pursued for its development had failed to reach the point of consummation, it cannot avail to defeat a patent founded upon a discovery or invention which was completed, while in the other case there was only progress, however near that progress may have approximated to the end in view.' This case was subsequently cited with approval in Cantrell v. Wallick, 117 U. S. 689, 696 [6 Sup. Ct. 970, 29 L. Ed. 1017], and its principle has been repeatedly acted upon in the different circuits. Hitchcock v. Tremaine, 9 Blatchf. 550 [Fed. Cas. No. 6,540]; Parham v. American Button-Hole Machine Co., 4 Fish. Pat. Cas. 468 [Fed. Cas. No. 10,713]; American Bell Telephone Co. v. People's Telephone Co. [C. C.] 22 Fed. 309."

And prior to the decision in the Barbed Wire Patent, Judge Coxe, in Thayer v. Hart (C. C.) 20 Fed. 693, had said:

"The rule in such cases is very strict. It is so easy to fabricate or color evidence of prior invention, and so difficult to contradict it, that proof has been required which does not admit of reasonable doubt. Where interests so vital are at stake, where intervening years have made perfect accuracy well-nigh impossible, where an event, not deemed important at the time, has been crowded from the memory and obscured by the ever-varying incidents of an active life, it is not difficult to imagine that even an honest man may be led erroneously to persuade himself that the fact accords with his inclination concerning it. The evidence of prior invention is usually entirely within the control of the party asserting it, and so wide is the opportunity for deception, artifice, or mistake that the authorities are almost unanimous in holding that it must be established by proof clear, positive, and unequivocal. Nothing must be left to speculation or conjecture."

In the light of what the Supreme Court has said as to the testimony in such cases, let us look at the testimony relied upon in the case at

bar to defeat the plaintiff's patent. The witness Freedman, who was called by defendant, testified that he had been in the electric trade for 10 years. He was handed a control box, and he testified that he had made boxes just like it in New York in 1907. This was four years prior to the grant of patent No. 1,044,944. He was asked whether he sold them, and answered, "I sell them a whole lot." He was then asked, "That is one of them?" referring to the one in his hand. He answered, "That is it, and the name is on the cover, too." He was then shown one of complainant's boxes (Exhibit D), and testified that complainant made it and sold it in New York in 1906. This was six years prior to the application for the first of the patents in suit. He was then asked whether complainant sold boxes like that in New York, and replied:

"I could not prove the place that he sold it. For eight years he sell boxes, or nine years he sell the boxes."

But Freedman's testimony was unreliable. The name on the cover of the box he said he made in 1907 was "Freedman & Stern." But his own testimony shows that the firm of Freedman & Stern did not come into existence until 1909. There was also cast into the cover of the box the words "Patent pending." If this had been true, it would have been important, for the date of the application would have thrown light on the subject. If he had said there was an application, he would have been obliged to produce it to show its date. If he had said there was no application, he would have shown that he was guilty of a false marking of his box. To escape from this dilemma he said on cross-examination that he had paid a lawyer $25 to draw up an application, but that he had never received from the lawyer any application, and had never gone back to demand the return of the money he had paid him. Asked the name of the attorney his reply was, "It is so long ago I could not pick out the name." It appears, too, that Freedman made an affidavit on the motion for a preliminary injunction for the purpose of proving two of the prior uses, and in that affidavit made no mention whatever, and gave no hint, of any prior use by himself. It seems to us altogether improbable that, if there had been any prior use in Freedman, he would have overlooked the fact and failed to include it in the affidavit he made as to prior use in others. In consideration of all these circumstances, we are forced to conclude that the testimony of Freedman utterly fails to establish beyond a reasonable doubt a prior use in him for two years before the applications for the patents in suit. Indeed, his testimony is so far from proving it beyond a reasonable doubt that it creates almost a conviction in our minds that there was no such prior use in him.

The other witness relied upon to establish the two years' prior use was one Desure. He was asked whether he knew when starting boxes with a brake, Freedman's were first made, and he answered:

"About eight years ago. It is 1908, I believe it was—now, let me see, was it 1906? Only about six years ago, I believe."

Now it may be said of this witness, as was said of Freedman, that he, too, made an affidavit to be used on the motion for a preliminary

injunction for the purpose of proving prior use, and he, too, neither mentioned nor hinted at any prior use in Freedman. Under the circumstances, the testimony of Desure, like the testimony of Freedman, cannot be accepted as establishing beyond reasonable doubt a prior use in Freedman. And these were the only witnesses to the complainant's alleged two years' prior use. There is nothing but the unsupported recollection of these two witnesses, who may easily have been entirely wrong in fixing the date. Moreover, no claim was made that the particular box shown to these witnesses and introduced in evidence was made or sold more than two years prior to the application date of either patent in suit. At most the claim was that boxes like it were made and sold more than two years prior to the date of application for either of the patents in suit. The witnesses may easily have been mistaken in their recollection of the construction of the boxes they had in mind. It was on this defense of the prior use that the court below relied in holding the patents invalid. The complainant believed that this testimony of Freedman and Desure fell so far short of sustaining the burden of proof as to prior use that he declined to examine any witnesses in rebuttal.

We do not find it necessary to say anything concerning the loose testimony of Desure that boxes like Exhibit E had been on the market he was "almost sure for 14 years; perhaps a year less; perhaps 13 years." Exhibit E was a Diehl box, and as the Diehl Manufacturing Company was an old and established concern in Elizabeth, N. J., it would have been easy to establish by their records and their officials the facts as to this box. Moreover, the two Diehl patents were in evidence, and it appears that one of them was taken out in 1890, and the other in 1909, and neither of them shows a box having the features of the patents in suit.

The trial judge thought the case not strong upon any point, but as the evidence introduced by defendant to show the prior use had not been controverted by plaintiff he declared he might consider the testimony as to prior use "as strong, satisfactory, and sufficient to the exclusion of a reasonable doubt to establish the defense," and "as sufficient for defendant's purpose." The plaintiff, however, contends that the evidence was so weak on the subject of prior use that he was not called on to rebut it. His counsel asserts that it would be revolutionary if patents granted by the government were to be declared invalid by the courts on such "flimsy" evidence as the defendant offered in this case, and we are told that if the decision below is affirmed "it will be necessary to rewrite all of the text-books on patents." Though this states the proposition in stronger language than we should care to adopt, we agree with him in thinking that the evidence of prior use was insufficient.

We have examined all the testimony in the record, to discover whether the evidence is of such a nature as to have made it the duty of the complainant to overcome the strength of it by additional testimony to controvert that produced by defendant. We do not think it was. The rule is well established that the presumption is against two years' public use or sale, and the burden is upon the one alleg-

ing it to establish it by proof beyond a reasonable doubt. Testing the proof by which the defendant sought in this case to overcome the presumption in the plaintiff's favor, we are of the opinion that it was wholly insufficient for the purpose. If the patents are to be held void, it must be upon stronger and better testimony than was presented.

The decree dismissing the bill is reversed, with direction to enter a decree for an injunction and an accounting.