## PERKINS GLUE CO. v. CRANDALL PANEL CO., Inc.

(District Court, W. D. New York.   March 6, 1923.)

Patents 328—Reissue 13,436, claims 28, 30, and 31, for glue, held not infringed.

    The Perkins reissue patent, No. 13,436 (original No. 1,020,655), claims 28, 30, and 31, for glue as a product, *held* not infringed.

In Equity.   Suit by the Perkins Glue Company against the Crandall Panel Company, Inc.   Decree for defendant.

Gorham Crosby and Ward, Crosby & Smith, all of New York City (Wm. Houston Kenyon, of New York City, of counsel), for plaintiff.

James A. Watson, of Washington, D. C. (William H. Davis, of New York City, of counsel), for defendant.

HAZEL, District Judge.   In this suit in equity we are principally concerned with the asserted infringement by defendant, Crandall Panel Company, Inc., of reissue patent No. 13,436, dated July 2, 1912, issued to plaintiff corporation, assignee of the executrix of the patentee. The patent relates to an adhesive glue for wood veneering, made from vegetable starch (process and product), which has substantially the same properties as animal glue, well known in the art to possess great adhesiveness for wood.

Marked consideration has heretofore been given the Perkins patent in the District Court, and by two Circuit Courts of Appeals (223 Fed. 792), including the Circuit Court of Appeals for the Second Circuit (287 Fed. 109) in the action against the Standard Furniture Company (279 Fed. 458).   In the latter case, claims 28, 30, and 31 for the product, and claims 13 and 38 for the process, were involved.   The claims for the product alone are involved here.   In that case the carbohydrate or cassava starch glue was made by dissolving the starchy base in approximately three parts of water with caustic soda; the same good result for veneering being achieved thereby, the patent states, as is achieved by the use of animal glue.   The contention of the defendant was that its product was simply raw undegenerated starch of high viscosity, and not low in viscosity; but it was decided that, since the raw starch or base was sufficiently low in viscosity to achieve the plaintiff's result, the product claims were infringed.

This holding, it was argued before me by plaintiff, was correct, and that it followed from the evidence in this case that the defendant, Crandall Panel Company, Inc., also infringed those claims as it manufactured and used a product precisely as specified in the claims; that the character of the base from which the glue was made is immaterial. The finding of the District Court in the Standard Furniture Company Case was not approved by the Circuit Court of Appeals.   There it was held that, as the proofs showed that defendant had adapted a starchy material or carbohydrate base which comprised a base and natural product without chemical treatment, the claims were not infringed, even if the product was the equivalent of the Perkins process. The Circuit Court of Appeals, Judge Hough writing the opinion, on this point said:

"This product of nature cannot per se be covered by any patent, and it certainly is not the result of any process devised by Perkins. Therefore, if we accept the decision in the Solva Case as interpreted by Sanborn, J. (251 Fed. 64; 223 Fed. 791), and apparently acquiesced in by plaintiff, there can be no infringement, because this defendant is not using a glue which is the result of both steps of Perkins' patent."

It was further held that the use by defendant of about 2⅓ parts of water to one part of a natural starch base by weight and about 3 per cent. of caustic soda based on the weight of the starch, though the equivalent of plaintiff's glue, was an old process and was disclosed in the Dornemann French patent, and that it was accurately described in the Belgian patent to Gerard. Both such prior patents are part of the record in this case, and are relied upon by defendant to establish limitation of the claims in suit and noninfringement. In the prior patents mentioned in the opinion of the Circuit Court of Appeals, and in suit here, the glue was made by suspending the raw starch in water to produce a so-called milk starch to attain the desired consistency, adding enough caustic and stirring the mixture sufficiently to produce the glue. The evidence before me is that such was the way defendant made its glue. The Circuit Court of Appeals, in speaking of the natural base for the defendant's product, in the Standard Furniture Company Case, says:

"In our opinion this record shows that some accident of nature, or the skill of agriculturists, has produced and put on the market a cassava starch of that degree of viscosity, etc., which Perkins achieved by his degenerate process. With such a starch, defendant, by using methods as old as Gerard, has produced a substance which plaintiff says is Perkins' glue. Perhaps it is in result; but it cannot be the same thing in a patentable sense, because nature has supplied the base and Gerard the process."

Thus the nub of the case considered by me is practically treated and decided, and this court is bound by that decision, since the evidence in both cases was substantially alike. It may also be added that the Perkins product was deemed patentably new in prior adjudications because of the embodiment of a combination of two processes which severally were old. On this point plaintiff's contention was that it was wholly immaterial whether defendant's glue was the resultant of one step or a two-step process, but as to this the Circuit Court of Appeals has taken the opposite view.

I find that defendant does not use the Perkins patented process, even though it accomplishes the same result as plaintiff's, and accordingly a decree dismissing the bill for noninfringement may be entered, with costs.

