## In re RICHARDSON et al.

Circuit Court of Appeals, Fourth Circuit.
January 25, 1929.

Lester L. Sargent, of Washington, D. C., for petitioners.

R. C. Horne, Jr., in pro. per.

J. D. E. Meyer, U. S. Atty., of Charleston, S. C., opposed.

Before WADDILL and PARKER, Circuit Judges, and McDOWELL, District Judge.

PER CURIAM. This is a petition for a writ of mandamus directing the District Judge, who tried the case below in which petitioners were convicted, to sign the bill of exceptions which they have tendered. It appears that the United States attorney has filed objections to this bill, and that the judge, after going over it carefully, has directed that certain changes be made and that certain omitted testimony be included. He has not as yet signed any bill of exceptions, but has allowed petitioners until January 29th to present for signature a bill prepared in accordance with his rulings.

We think that the petition must be denied. This court will not attempt by mandamus to control what the bill of exceptions shall contain. It is for the District Judge, and not for us, to say what should be included therein and whether a particular bill of exceptions should be allowed. Dunagan v. Appalachian Power Co.. (C. C. A.) 29 F. (2d) 58; Scaife v. Western North Carolina Land Co. (C. C. A.) 87 F. 308. While cases may arise in which the appellate court for abuse of discretion will require the trial judge to correct a bill of exceptions, no such case is presented here.

Petitioners contend that they have exercised due diligence and have not been able within the time allowed them to prepare a bill in accordance with the order of the judge. If this be true, he will no doubt extend the time for a reasonable period for that purpose upon proper and timely application, but this is a matter resting in his sound discretion, over which we have no control, in the absence of abuse. Camden Iron Works Co. v. Sater (C. C. A. 6th) 223 F. 611, 614. If petitioners here should apply for an extension of time to comply with the order of the judge, and this should be refused, the question might arise as to whether there had been an abuse of discretion, and petitioners might apply for the writ on that ground; but no such situation is presented on this motion.

Petition denied.