## RICHARDSON et al. v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
April 13, 1929.

No. 2863.

See, also, 30 F. (2d) 687.

J. D. E. Meyer, U. S. Atty., of Charleston, S. C., for the motion.

R. C. Horne, Jr., in pro. per., opposed.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. W. E. Richardson, R. C. Horne, Jr., and Beulah B. Harvey, hereafter referred to as defendants, were convicted in the court below of a criminal charge, and from the sentence rendered on such conviction appealed to this court. The government has made a motion to docket and dismiss the appeal. Defendants were convicted and sentenced on February 14, 1928. Appeal was allowed February 16, 1928 and citation was duly issued returnable March 23, 1928. The time within which to transmit the transcript to this court was enlarged by appropriate orders from time to time, but the last extension expired February 15, 1929, without any transcript having been filed here.

Defendants urge as excuse for failure to file the transcript and as ground of affirmative relief that they have not been able to have a proper bill of exceptions settled and allowed. It appears, however, that the trial judge gave defendants ample time to prepare and present a proper bill of exceptions, but that the bill presented by them did not meet his views and upon exceptions by the attorney of the United States he signed an order on November 1, 1928, settling what should be included in the bill of exceptions, setting forth how same should be prepared and allowing defendants 90 days to prepare same in accordance with the order. Defendants did not prepare the bill of exceptions within the time allowed, but asked for additional time. The judge heard their application and denied same on the ground that they had not exercised due diligence or made any bona fide attempt to comply with his order. We

have heretofore denied an application by defendants for mandamus to require the judge to sign the bill of exceptions which they tendered. In re Richardson, 30 F.(2d) 687. We do not think that there was any abuse of discretion on his part in refusing to grant them additional time within which to prepare their bill. On the contrary, it appears that he has already granted them every extension which could reasonably be asked and that they have made no reasonable efforts to prepare the bill. .

The extension of time for preparing the bill of exceptions is a matter resting in the sound discretion of the trial judge. On the facts before us it does not appear that there has been any abuse of this discretion. It follows, therefore, that defendants have shown no excuse for their failure to file the transcript within the time allowed and no ground for the affirmative relief which they ask, and that the motion to docket and dismiss must be allowed.

Motion allowed.