## HORNE v. UNITED STATES.

### No. 3202.

Circuit Court of Appeals, Fourth Circuit.
July 3, 1931.

R. C. Horne, Jr., of Columbia, S. C., in pro. per.

S. Henry Edmunds, Jr., Asst. U. S. Atty., of Charleston, S. C.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is a motion for an order directing the District Judge of the United States for the Eastern District of South Carolina to pass upon a motion for a new trial on the ground of after-discovered evidence. The motion is made by one R. C. Horne, who was convicted of a violation of section 37 of the Penal Code (18 USCA § 88) at the January term, 1928, of the District Court for the Eastern District of South Carolina. At the January term, 1929, of this court, Horne made an unsuccessful application for a writ of mandamus to require the District Judge to sign a certain bill of exceptions which he had proposed. In re Richardson et al. (C. C. A.) 30 F.(2d) 687. At the April term, 1929, a motion to docket and dismiss the appeal of Horne and his codefendants was made and allowed. Richardson v. U. S. (C. C. A.) 32 F.(2d) 237. Application to the Supreme Court for writ of certiorari to review the action of this court was denied. 279 U. S. 859, 49 S. Ct. 419, 73 L. Ed. 999.

After the denial of the application for certiorari, Horne moved before the District Judge of the Eastern District of South Carolina to stay the execution of the sentence, to enable him to present to this court an application for an order authorizing the District Court to entertain a motion for a new trial

on the ground of after-discovered evidence; the after-discovered evidence referred to in that motion being the same as that referred to in the motion now before us. The District Judge, in passing upon the motion for the stay of the execution of the sentence, went fully into the matter of this evidence and denied the stay on the ground that no sufficient showing was made to justify the granting of a new trial, even if the court should be authorized by the Circuit Court of Appeals to entertain the motion. Horne thereupon entered upon the service of his sentence, and has served all except a short portion thereof.

The government denies the power of this court to authorize the District Court to entertain the motion for a new trial. It is said that this court has no power to grant new trials on the ground of after-discovered evidence, but such power resides solely in the District Court; that permission is granted by this court to a District Court to entertain such motions only in cases which have been removed into this court by appeal and in which, but for such appeal, the motion might be entertained by the District Court; that the District Court has no right to entertain such motion after the expiration of the term at which judgment was rendered; and that, where the District Court has lost the power to entertain such motion through expiration of the term, this court cannot restore the power by authorizing consideration of the motion. As to the case at bar, it is said that not only has the term expired at which sentence was imposed, but also that there is no case before this court in which an order could be entered, as the appeal of Horne was never perfected, but was docketed and dismissed more than two years ago. See Delaware, L. & W. R. Co. v. Rellstab, 276 U. S. 1, 48 S. Ct. 203, 72 L. Ed. 439; U. S. v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; Holmgren v. U. S., 217 U. S. 509, 521, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Di Carlo v. U. S. (C. C. A.) 6 F.(2d) 364, 365, 369.

We need not consider the questions thus presented, however, as we are satisfied from the record before us, which includes the findings and rulings of the District Judge on the motion to stay the execution of the sentence, that the motion for a new trial on the ground of after-discovered evidence is without merit, and that the questions involved in such motion have already been considered by the District Judge and passed upon adversely to the contention of petitioner. Even where this court has power to authorize the District Court to consider a motion for a new trial on the ground of after-discovered evidence, the power will not be exercised except where it appears that the motion is meritorious and that the questions involved have not already been considered by the District Court. The motion will be denied.

Motion denied.