ISGRIG et al. v. UNITED STATES.
No. 4535.

Circuit Court of Appeals, Fourth Circuit.
Jan. 8, 1940.

Edward H. Coulter, of Little Rock, Ark., for appellants.

T. Barton Harrington, Asst. U. S. Atty., of Baltimore, Md. (Bernard J. Flynn, U. S. Atty., of Baltimore, Md., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and DOBIE, District Judge.

PARKER, Circuit Judge.

This is an appeal from an order refusing to remit the forfeiture of an appearance bond in a criminal case. One Robert E. LaVine was indicted in the District of Maryland and gave bond in the sum of $5,000 for his appearance at the September term, 1937, of that court, with appellants Isgrig and Cole as sureties. He failed to appear and judgment was entered against his sureties for the amount of the bond. He was subsequently captured, and in February 1938 was sentenced to fine and imprisonment. The bondsmen, in October 1938, filed petition under 18 U.S.C.A. § 601 asking that the forfeiture be remitted, on the ground that the default of the prisoner was not wilful and that he had subsequently been apprehended and punished. Answer to this petition alleged that the default of the prisoner was wilful. A hearing was had on the petition in October 1938; and, on June 23, 1939, the judge below filed an opinion holding that, as no evidence had been introduced showing that the default was not wilful, he was without power to remit the forfeiture. On July 13, 1939, order was signed denying the petition; and the bondsmen immediately gave notice of appeal to this court and within forty days docketed the record here as required by the rule. On September 15, 1939 they filed in the court below a petition for a rehearing on the ground of newly discovered evidence and at the same time filed a petition with this court that the cause be remanded to the court below to pass on that motion.

Three questions arise for our consideration: (1) whether appeal lies from the order denying the remission of the forfeiture; (2) whether the cause should be remanded for the court below to pass on the motion for rehearing; and (3) whether the order appealed from was proper.

On the first question, contention is made that the order appealed from is not a final order. It is said that the order of forfeiture does not become absolute until the bondsmen are brought into court by writ of scire facias and given opportunity to make defense, and that, consequently, an order refusing to vacate the order of forfeiture prior to the issuance of scire facias is interlocutory in character and not appealable. For this position, the decision in McLennan v. United States, 9 Cir., 12 F.2d 507, and the cases therein cited are relied upon.

▉ The rule laid down in the McLennan case is unquestionably sound in those jurisdictions where a judgment forfeiting the bond does not become final until hearing is had upon a writ of scire facias; but it does not apply in Maryland, for the reason that scire facias need not be issued there as prerequisite to the entry of a valid final judgment upon a forfeited appearance bond. In that state, in which no distinction is apparently made between a bail bond and a recognizance, a statute gives finality to a judgment entered upon a defaulted recognizance by authorizing writ of execution to issue thereon. Bagby's Annotated Code of Maryland of 1924, Art. 75, Sec. 22. "A recognizance is an obligation of record, and when forfeiture is declared and entered by the Court, it becomes a judgment. It is then, like an ordinary judgment, enforceable by execution." Schultze v. State, 43 Md. 295; Backus v. State, 118 Md. 536, 85 A. 501; Albrecht v. State, 132 Md. 150, 103 A. 443; Hochheimer, Law of Crimes and Crim. Procedure, 1904 ed., 98. There is no federal statute governing the practice in this matter; and since the proceeding to enforce the bond is civil in nature, the sufficiency of the procedure adopted, prior to the effective date of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is to be determined, under the Conformity Act, 28 U.S.C.A. § 724, by the applicable state law. United States v. Davenport, D.C., 266 F. 425, 427. The Maryland practice is thus set forth by Judge Chesnut in United States v. Clatterbuck, D.C., 26 F.Supp. 297, 300, a case involving forfeiture of bail in the federal court, viz.: "The procedure for bail forfeiture in this district has from time immemorial been summary. Upon call of the defendant and his sureties, and the default in appearance of the defendant, after due notice to appear, the clerk enters judgment of forfeiture upon the order of the court. Ordinarily a judgment may not be vacated on petition filed after the term except for fraud, accident or mistake. But on examining the decided cases, it is found that in this Circuit it was long ago held that the procedure under this particular statute [18 U.S.C.A. § 601] was not within this general rule, and therefore the petition for remission could properly be entertained although filed after the term."

▉ A final judgment entered against a bondsman on forfeiture of the bond cannot be said to be lacking in due process for lack of notice to the bondsman; for the bondsman makes himself a party to the cause by filing the bond as a part of the record therein, and it is a fiction of the common law that the surety is personally in attendance upon the court whenever the accused, by order of the court, is bound to appear personally. Kirk v. United States, C.C., 131 F. 331, 335. And see Pease v. Rathbun-Jones Engineering Co., 243 U.S. 273, 278, 37 S.Ct. 283, 61 L.Ed. 715, Ann.Cas.1918C, 1147, and Brame v. Keystone Credit Corp., 4 Cir., 76 F.2d 328, 330, for cases where the entry of summary judgment upon bond, without notice to sureties, was approved.

▉ In this case the question of notice to the bondsmen is immaterial, however, for they actually intervened by petition and a full hearing was accorded them. The order refusing to remit the forfeiture was in effect, therefore, a final judgment of forfeiture upon notice, since the judgment which the court refused to vacate by remission of forfeiture was in form a final judgment. The order was made after intervention, which supplied the place of notice by scire facias if such notice was necessary, it disposed of the petition to remit the forfeiture and it left in effect a judgment absolute upon which execution could be issued. It is conceded that an order allowing a petition for remission of a forfeiture is a final judgment from which the government may appeal. United States

v. Nordenholz, 4 Cir., 95 F.2d 756. We think it equally clear that an order denying the petition is a final judgment from which appeal may be taken where, as here, it disposes of petitioner's right to remission of the forfeiture and no further proceedings with regard thereto can be had.

█ Appellants, by filing a petition for rehearing in the court below on the ground of newly discovered evidence and then moving in this court that the cause be remanded for the court to pass upon that motion, followed the proper procedure. A motion for new trial on the ground of newly discovered evidence may be made within the time allowed for appeal. Rule 59(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. If appeal has been taken in the meantime, the case is in the appellate court; and the appropriate procedure is motion in that court to remand the case to the lower court so that the motion for new trial may be passed on. The case will be remanded, however, only if showing is made to the appellate court that the lower court would be justified in granting the new trial. Cf. Horne v. United States, 4 Cir., 51 F.2d 66, 67. No such showing has been made here. The newly discovered evidence is a statement of the prisoner to the effect that he was present in court on the day when the bond was forfeited and left town because advised by counsel that his case would not be called until the following January. Passing by the flimsy character of this testimony and the improbability that such a statement would be accepted in view of the other testimony in the case, we think that no such showing of due diligence to obtain the testimony has been made as would warrant any court in granting a new trial. While it is stated that an unsuccessful effort was made to interview the prisoner prior to the hearing in October 1938, no effort is shown to have been made following that hearing until after the entry of the order of July 13, 1939; and no showing is made of any effort, even to this date, to interview the attorney who represented the prisoner and is said to have given him the false information which caused him to absent himself from court.

█ On the third question, there can be no question as to the correctness of the court's action. In the absence of a showing that the default of the prisoner was not wilful, the court was without power to remit the forfeiture. United States v. Nordenholz, 4 Cir., 95 F.2d 756; United States v. Robinson, 4 Cir., 158 F. 410; United States v. Kelleher, 2 Cir., 57 F.2d 684, 84 A.L.R. 14. We see nothing in United States v. Mack, 295 U.S. 480, 55 S.Ct. 813, 79 L.Ed. 1559, to indicate that the prior decisions of the Circuit Courts of Appeals on this point are disapproved. Until the Supreme Court indicates that our decisions in the Robinson and Nordenholz cases are wrong, we feel that we must follow them.

Affirmed.