**CHLUPSA et al. v. POSVIC et al.**

No. 6922.

Circuit Court of Appeals, Seventh Circuit.

June 24, 1940.

Fred I. Simon, of Chicago, Ill., for appellants.

Thomas G. McBride, S. L. Brenner, and Brenner & McBride, all of Chicago, Ill. (Ode L. Rankin, of Chicago, Ill., of counsel), for appellees Karel and others.

Arthur F. McCormick, of Chicago, Ill., for appellee Posvic.

Joseph D. Lawyer and Roger J. Kiley, both of Chicago, Ill. (Joseph D. Lawyer and Daniel J. Lamont, both of Chicago, Ill., of counsel), for appellee Joseph.

Before MAJOR and TREANOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from certain orders in a suit instituted on September 23, 1937, by Frank Posvic, a creditor and stockholder of the First American National Bank and Trust Company of Berwyn, as representative of a class of creditors of said bank, against Karel & Zitnik, Inc., et al., for an accounting of certain assets of the bank which it was charged had been improperly converted to the defendants' use. The receiver of the bank, which was then in the process of liquidation, was made a party defendant. James Chlupsa and Frank J. Stastny (appellants) were permitted to intervene, the former on January 29, 1938, and the latter on June 21, 1938. Each of the intervenors in his petition for such leave alleged that he represented a class of creditors different from those represented by Posvic. The order allowing intervention in each case, however, permitted intervention only on behalf of the intervenor himself and "subject to the proceedings and pleadings already had and filed herein."

No issues were raised by the intervenors different from those raised in the principal suit. After a trial, participated in by all of the parties, a money decree was entered on November 25, 1938 against the principal defendants in the amount of $60,422.75. On November 28, 1938, the principal defend-

ants filed a notice of appeal from this decree, which shortly thereafter was perfected.

On February 11, 1939, after notice to all of the parties, a petition was filed by the receiver of the bank before the District Judge who had tried the main cause and entered the decree, requesting an order permitting the receiver to compromise and settle the indebtedness found by the decree. Intervenors objected to the proposed compromise and after a hearing in which all of the parties participated, the court, on February 18, 1939, entered an order authorizing the receiver to make the compromise requested. On March 9, 1939, the appeal then pending in this court was dismissed by agreement of the parties to the principal suit, the authorized compromise executed and the decree satisfied by the receiver.

The appeal in the instant suit recites that it is "from that portion of the final order entered in this action on November 25, 1938, denying fees to their attorney, and the further final orders of December 23, 1938, February 11, 1939, February 18, 1939, and February 21, 1939." It is argued by appellees that the orders appealed from present no question for review. The record presented is in such a hopeless state of confusion that it is difficult to determine the validity of appellants' argument in this respect, and in view of the conclusion we have reached, it perhaps is not necessary to do so. At any rate, the appeal may be appropriately and speedily disposed of on its merits.

█ Intervenors state two contested issues to be decided: (1) The denial of attorney fees to intervenors and granting of such fees to plaintiff, and (2) the jurisdiction of the District Court to approve the compromise settlement. After thus stating the contested issues, a good portion of intervenors' brief is devoted to matters irrelevant thereto.

As to the first contested issue, we think it is only necessary to point out that when intervenors were permitted to intervene, it was on their individual behalf only. They were expressly precluded from intervening on behalf of a class or any party other than themselves. Counsel for such intervenors was advised by the court at the time of the intervention that no attorney fees would be allowed from the estate or from any sum recovered in the principal suit. This was on the theory, no doubt, that the class of creditors which intervenors sought, but were denied the right to represent, were represented by the plaintiff. Under such circumstances, we think the court was entirely justified in denying attorney fees to the counsel for the intervenors. The argument made that the court allowed unreasonable fees to counsel for the plaintiff in the main suit is beside the point. At the time such fees were fixed, counsel for the intervenors was present and made no objection to such allowance. That part of the order allowing such fees was not appealed from and we have no right to give consideration thereto. Intervenors cannot be permitted to aid their alleged right to attorney fees by arguing that the attorney for some other party to the litigation was allowed fees larger than intervenors now think was proper.

█ On the second contested issue, intervenors attack the order of compromise and argue the applicability and noncompliance with Rule 23(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which precludes the dismissal or compromise of a class action without notice to the members of the class. Appellees point out that the rule is not applicable because (1) after the entry of the decree of November 25, 1938, the suit was no longer a class action, but represented a judgment for the benefit of the receiver of the bank then in process of liquidation, and (2) the receiver was authorized to petition for such compromise by virtue of the authority contained in Section 192, Title 12, U.S.C.A. Again we are unable to agree with intervenors' contention. The rule relied upon provides that no such action "shall * * * be dismissed or compromised" and while our attention is called to no authority in point, we do not believe the rule has any application to the situation presented wherein as a result of a class action a decree or judgment had been entered in favor of the receiver. From that time on the receiver would have been entitled to the proceeds realized from such judgment and the situation is clearly within the provision of the statute which authorized him to petition for leave to compromise. It was shown at the hearing that the receiver had the consent of the Comptroller of the Currency; the court had before it the sworn statement of the receiver, as well as a statement of the financial condition of the judgment debtors, and we find nothing in the

record which shows or indicates but that the compromise was fair, reasonable and properly approved.

The orders appealed from are affirmed and the costs taxed to the intervenors.