**CHECKER CAB CO., Inc. v. MARKLAND.**

No. 8613.

United States Court of Appeals
District of Columbia.

Decided April 12, 1944.

Mr. James R. Kirkland, of Washington, D. C., for appellant. Mr. Justin L. Edgerton, of Washington, D. C., also entered an appearance for appellant.

Mr. William Wendell, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Rule 59(b) of the Federal Rules of Civil Procedure[1] provides that a motion for new trial on the ground of newly discovered evidence may be made "before the expiration of the time for appeal, with leave of court obtained on notice and hearing and on a showing of due diligence." In this case notice of appeal was filed in time. Thereafter, and after expiration of the time during which notice of appeal was permitted to be filed, a motion for new trial on the ground of newly discovered evidence was filed in the trial court. That court declined to entertain the motion on the ground that the case had passed out of its jurisdiction. Appellant then filed its motion in this court, for remand of the case, with directions to the trial court that it entertain a motion for new trial. The motion must be denied.

Rule 59(b) contemplates the possibility that evidence may be discovered after notice of appeal has been filed. However, it makes the maximum period of time, within which a motion for new trial on that ground may be filed, coterminous with expiration of the time for appeal. Assuming that appellant had made its purported discovery, had requested leave of the trial court to file its motion, and had moved in this court for remand, all within the time fixed, it would then have come within the provisions of the rule, and this court could have remanded the case for that purpose.[2]

---

[1] 28 U.S.C.A. following section 723c.

[2] Isgrig v. United States, 4 Cir., 109 F. 2d 131, 134. Cf. Chicago and Western Indiana R. R. v. Chicago and Erie R. R., 7 Cir., 140 F.2d 130.

■ What appellant seeks on this appeal, however, is an interpretation of Rule 59(b) which would extend the period of time within which a motion for new trial may be filed beyond the maximum period specified in the rule. There is no justification for such an interpretation. The fact that an appeal has been taken, thus preserving for appellate review the controversy tried in the District Court, does not enlarge the time for presenting a new case in that court.[3]

■ For another reason appellant's motion for remand must be denied. Even when such a motion is timely, but after notice of appeal, the appellate court must inquire whether, upon the showing made, the trial court would be justified in granting a new trial.[4] Otherwise, it would be a futile gesture to remand the case, and would cause an improper delay in its final disposition. The showing made by appellant in support of its motion in the present case is insufficient for the purpose.

Appellant will be allowed thirty days within which to docket the record on appeal.

Motion to remand denied.

---

[3] Fed.Rules Civ.Proc., Rule 6(b).

[4] See Gairing Tool Co. v. Eclipse Interchangeable Counterbore Co., 6 Cir., 48 F.2d 73, 75; Horne v. United States, 4 Cir., 51 F.2d 66, 67; Isgrig v. United States, 4 Cir., 109 F.2d 131, 134; Wagner v. United States, 9 Cir., 118 F.2d 801, 802; Evans v. United States, 10 Cir., 122 F.2d 461, 468; Boro Hall Corp. v. General Motors Corp., 2 Cir., 130 F.2d 196.