**WM. GOLDMAN THEATRES, Inc. v.
LOEW'S, Inc., et al.**

No. 9324.

Circuit Court of Appeals, Third Circuit.
Argued June 3, 1947.
Decided Aug. 11, 1947.

242

Wm. A. Gray, Lester J. Schaffer, Francis T. Anderson and Robert Dechert, all of Philadelphia, Pa., for plaintiff.

Wm. A. Schnader, Bernard G. Segal, and Wolf, Block, Schorr & Solis-Cohen, all of Philadelphia, Pa., and Joseph M. Proskauer, of New York City (Schnader, Kenworthey, Segal & Lewis and Morris Wolf, all of Philadelphia, Pa., on the brief), for defendants.

Before PARKER (sitting by designation), BIGGS, Circuit Judges, and LEAHY, District Judge.

PARKER, Circuit Judge.

This is a petition for leave to make application to the District Court for permission to file a bill of review in that court in a suit for injunctive relief and triple damages under the Sherman Act, 26 Stat. 209, 15 U.S.C.A. § 15. Plaintiff is the lessee of the Erlanger Theatre in the City of Philadelphia. It instituted the suit against the defendants who are engaged in the motion picture business, alleging that they had conspired to monopolize the first run motion picture business in the City of Philadelphia and that plaintiff had suffered damage as a result of that conspiracy by reason of inability to obtain first run pictures to show in its theatre. The District Court heard the case and denied relief. D.C., 54 F.Supp. 1011. We reversed the judgment of the District Court on appeal, holding that conspiracy in violation of the statute to the injury of plaintiff had been shown and remanding the case to the District Court with direction to grant injunctive relief and to pass upon the amount of damages which plaintiff was entitled to recover. William Goldman Theatres v. Loew's, Inc. et al., 3 Cir., 150 F.2d 738.

Pursuant to the mandate of this Court, the District Judge held a further hearing on the issue of damages, heard all of the evidence which any of the parties desired to offer and fixed the damages which plaintiff had sustained between September 1, 1941 and December 8, 1942 at $125,000. He arrived at this amount by considering the earnings of other comparable motion picture theatres operated in the City of Philadelphia during the period in question and making allowance for certain disadvantages that the Erlanger Theatre was found to possess. Decree was entered awarding injunction and triple damages to plaintiff and an attorney's fee to its counsel. D.C., 69 F.Supp. 103.

The opinion of this Court was rendered on August 2, 1945, rehearing was denied on September 21, 1945, and our mandate was issued on October 3, 1945. On May 6-9, 1946, hearing pursuant to the mandate was had in the District Court, and the District Judge made his findings and filed his written opinion on September 10, 1946. The final decree was entered December 19, 1946. From this decree appeal was taken on January 7, 1947, and the record on appeal was filed here February 11, 1947. Defendants' brief was due under our rules on March 13th, but by agreement of counsel this time was extended to April 30th. On April 29th, the day before their brief was due under the agreement, defendants filed the petition which is before us, asking leave to make application to the District Court for permission to file a bill of review.

The reason for filing the bill of review, as urged by defendants, is to have consideration given to the fact that, after first run pictures had been made available to plaintiff, the Erlanger Theatre was not opened for the purpose of showing them, but was allowed to remain closed, notwithstanding an increased patronage of motion picture theatres in tthe City of Philadelphia. The bill which defendants proposed to file alleged that in 1943 plaintiff had acquired the Keith and Karlton Theatres in that city and in 1946 had leased and reconditioned another property which it renamed the Goldman Theatre; that beginning with July 1946 it had been offered first run pictures by defendants but had shown them in other theatres and not in the Erlanger; and that between December 19, 1946 and April 25, 1947, it had been offered 63 first run feature pictures by defendant, for 43 of which it had refused to negotiate while allowing the Erlanger to remain unopened. Defendants contend that these facts show that the Erlanger was recognized by plaintiff as unsuitable for the showing of first run pictures and that this evidence should now be brought into the case for the purpose of showing that plaintiff has suffered no damage as a result of the conspiracy alleged and also for the purpose of showing that no such conspiracy in fact existed.

We think it clear that the petition should be denied. The evidence which defendants propose to introduce would, in our opinion, have no probative value either on the issue of conspiracy or on the issue of damages; it is not of such character as would justify the allowance of a bill of review; and, in any event, defendants have not acted with that diligence which would justify the allowance of the filing of the bill.

■ So far as the probative value of the proposed evidence is concerned, it is clear that it could not possibly affect the conclusion of this court on the issue of conspiracy. That conclusion, as the opinion shows, rested on a far broader foundation than that plaintiff was denied first run pictures for a theatre that he could operate profitably. We found on the whole record that a conspiracy in restraint of trade on the part of defendants existed and we quoted from the opinion of the lower court a sentence to the effect that the intent was "patent—necessarily inferable from the contracts themselves—to exclude the plaintiff and all others except Warner from the first run business".

The finding of the District Court on the last hearing as to the loss and damage suffered by plaintiff did, indeed, rest upon the finding that the Erlanger Theatre could have been operated profitably; but, while upon first view it might appear that the proposed evidence would throw some light on this issue of damages, more mature consideration is convincing that it could have no probative force even on that issue when the time element and change in circumstances are taken into account. The fact that plaintiff in 1946 and 1947, when it had three other theatres in which it could show first run pictures, preferred to operate them rather than the Erlanger does not show, or tend to show that it could not have operated the Erlanger with profit five years before, when the other theatres were not available, if it had been able to obtain first run pictures for that purpose. Any conclusion from the failure to open the Erlanger Theatre in 1946 or 1947 that it could not have been operated profitably in 1941 and 1942, if first run pictures had been available for showing there, is so highly speculative, we think, as not to be worthy of consideration in comparison with the other evidence upon which the finding of the lower court was based.

■ In addition to this, the evidence offered was not, properly speaking, newly discovered evidence or evidence which could not have been anticipated and which had come into existence after the entry of the decree sought to be reviewed, as is, of course, necessary for such evidence to serve as the basis of a bill of review. It was evidence merely of the continuance of a condition existing at the time of the rendition of the decree. The Erlanger Theatre was closed at that time; and if the lower court or any of counsel had thought that its operation or non-operation

in 1946–1947 or the profits to be derived from operation were material factors for consideration in computing damages of the 1941-1942 period, it would have been simple enough to suggest that the award of damages be delayed until such time as operation of the theatre under the protection of the court's injunction would demonstrate what profits or losses would result from its operation. Defendants made no such suggestion, but fought out the issue of damages on the opinion evidence offered. It cannot reasonably be said that the fact that the theatre has remained closed was not in their contemplation at the time the decree was entered, or that anything has arisen since that throws light on the issue of damages.

■ This brings us to the third ground for denying the petition, i. e., that the defendants have not exercised due diligence in calling to the Court's attention the so-called newly discovered or newly created evidence which they now wish to have considered. So far as the operation of the Keith, Karlton and Goldman Theatres is concerned, this was well known to defendants far in advance of the entry of the decree of December 19, 1946; and their petition avers that defendants began offering plaintiff first run pictures for exhibition in July, 1946. The fact that plaintiff was not operating tthe Erlanger Theatre when first run pictures had been made available for that purpose, and that it was operating other theatres for showing first run pictures, was necessarily known to defendants, therefore, before the entry of the decree which they wish to review. Furthermore, it appears that of the 63 first run pictures which defendants say were offered plaintiff between the entry of the decree and the filing of this petition, approximately 50 were offered prior to the expiration of the time allowed for appeal. The defendants, therefore, were in possession of a large part of this newly discovered or newly created evidence at the time when the decree was entered and practically all of it within the succeeding three months within which a motion for a new trial on the ground of newly discovered evidence might have been filed under the Federal Rules of Civil Procedure, rule 59(b), 28 U.S.C.A. following section 723c. If, therefore, they thought themselves entitled to a reconsideration of the issue decided against them, they should have made a timely motion under the rules for a new trial on the ground of newly discovered evidence.

■ It is true that the appeal which took the case out of the District Court and into this Court was taken on January 7th long before the three months allowed for taking appeal had expired; but motion for new trial on the ground of newly discovered evidence might have been made under the rules up until the expiration of this three months period, the proper procedure being to file a motion with the District Court for a new trial on that ground and then petition this Court to remand the case to the District Court in order that it might pass upon the motion. Isgrig v. United States, 4 Cir., 109 F.2d 131, 134; Checker Cab Co. v. Markland, 79 U.S.App.D.C. 39, 142 F.2d 95.

■ Before application for leave to file bill of review should be granted, it ought to appear that relief in the manner provided by the rules had not been available, or that for some good reason applicant had not been able to avail himself of it. The bill of review is an extraordinary remedy which the recent amendments to the rules of civil procedure, not yet effective, have abolished. It ought not be granted to a party who has had a remedy available under the rules but has failed to avail himself of it within the time which the rules allow. Vigilantibus non dormientibus aequitas subvenit. Defendants may not do indirectly what they could not do directly; and being precluded by their inaction from seeking under the rules a new trial on the ground of newly discovered evidence, they may not achieve the same thing indirectly under the guise of a petition for a bill of review.

■■ For the above reasons, it is clear that the petition of defendants should be denied. It is true that in Pittsburgh Forging Co. v. American Foundry Equipment Co., 3 Cir., 119 F.2d 619, this Court said that, where right to file a bill of re-

view is at all doubtful, leave to file it is granted as a matter of course; but that rule has no application where it is clear that the bill if filed should be denied and where the only effect of allowing it would be to work additional delay in a proceeding which has been subject to too much delay already. The rule which this Court must follow in such case is the same as that which applies in remanding a case pending on appeal in order that the lower court may pass upon a motion for new trial on the ground of newly discovered evidence viz., that we will not introduce into the case the element of delay necessarily involved in the allowance of the motion unless of opinion that upon the showing made before us the lower court would probably be justified in granting relief. See Checker Cab Co. v. Markland, supra, 142 F.2d 95, 96; Isgrig v. United States, supra, 4 Cir. 109 F.2d 131, 134. No such showing has been made. On the contrary, it clearly appears that the application for leave to file a bill of review is one which the District Court should not grant.

 Bills of review are not favored. Poole v. Nixon, 9 Pet.Append. 770, 9 L.Ed. 305. The power to allow them on the ground of newly discovered evidence is "to be exercised cautiously and sparingly, and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause". Craig v. Smith 100 U.S. 226, 234, 25 L.Ed. 577; Wood v. Mann, Fed.Cas.No.17,953, 2 Sumn. 334. As said by Judge Woolley, speaking for this Court in Eclipse Machine Co. v. Harley-Davidson Motor Co. 3 Cir., 286 F. 68, 69: "The span of this litigation—not yet reached—brings to mind the law governing the opening of causes closed by decrees and the granting of new trials on the ground of newly discovered evidence. For reasons which are quite obvious, applications of this kind, involving not infrequently belated attempts to escape the consequences of adverse decisions, *are not favored by courts and are, accordingly, subjected to the closest scrutiny*. One seeking this relief is confronted with the presumption that the decree is correct and has the burden of showing that his claimed

after-discovered evidence could not have been discovered before the trial and there produced. It is not every piece of evidence that comes to the knowledge of the losing party after decree that constitutes after-discovered evidence on which may be based a valid application for leave to file a bill of review. It is only evidence that has come to light under circumstances which show that it could not with reasonable diligence have been discovered and produced at the trial, and then only if it is of a character sufficiently decisive on the merits to move the court in its discretion. Bennett v. Schooley, C.C.Pa., 77 F. 352; Hitchcock v. Tremaine, Fed.Cas.No.6,540, 9 Blatchf. 550; Reeves v. [Keystone] Bridge Co., Fed.Cas.No.11,661; Baker v. Whiting, C.C.Me., 1 Story 218, Fed.Cas.No. 786; 20 R.C.L. 289, 300, and cases." (Italics supplied.)

As the filing of bills of review is a matter of the old practice, soon to be superseded by the amended rules, we must look to the old practice for its limitations as well as for its existence. Nowhere are these better stated than by Mr. Justice Story on circuit in the case of Jenkins v. Eldredge, C.C.Mass., 3 Story 299, Fed.Cas. No.7267, where the learned Justice says with respect to the character of the newly discovered evidence necessary to support the bill: "The evidence, entitling the party to ask leave of the court, to file a supplemental bill, should not only be true, but should be material, in an emphatic sense; that is, it should be such new matter, as must, if unanswered, in point of fact, either clearly entitle the party to a reversal of the decree, or raise a case of so much nicety and difficulty, as to be a fit subject of judgment in the cause. In other words, it should furnish a just and solid foundation, upon which the court may properly repose its judgment. It is not sufficient, that it is such, as might be argued, with more or less effect, by way of a presumption against, or in favor of former testimony. But it should go further, and demonstrate, that, consistently with it, the decree ought not to stand."

See also Rubber Co. v. Goodyear, 9 Wall. 805, 19 L.Ed. 828; Hopkins v. Hebard, 235

U.S. 287, 290, 35 S.Ct. 26, 59 L.Ed. 232; Society of Shakers v. Watson, 6 Cir., 77 F. 512; Moore on Fed. Procedure vol. 2 p. 3263; 19 Am.Jur. p. 299; Annotation 30 L.R.A.,N.S., 1031 and cases cited.

For the reasons stated the petition will be denied.