**POTTS v. CATTERTON.**

No. 1059.

Municipal Court of Appeals for the
District of Columbia.

Argued May 28, 1951.

Decided June 28, 1951.

Harry L. Cohen, Washington, D. C., for appellant.

Benjamin B. Brown, Washington, D. C., with whom Samuel B. Brown and Nathan M. Brown, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This litigation grew out of an oral agreement for remodeling and improving plaintiff's premises for an agreed charge of $1500.00. Plaintiff claimed that defendant improperly performed part of the work and that as a result he was and will be put to the expense of making corrections thereon. He also claimed that defendant abandoned the job before it was completed. He demanded the return of $950 paid to defendant under the contract and also demanded damages for finishing and correcting the job.

Defendant admitted that he entered into an agreement with plaintiff for the alteration and improvement of the premises and

that he had been paid $950. He claimed however that he completed all the work he undertook to do in a workmanlike manner, and in a counterclaim he demanded $280 for extras performed at plaintiff's request and for the $550 balance due under the contract. The court, sitting without a jury, found for defendant on plaintiff's claim and also awarded defendant $691.40 on his counterclaim. Plaintiff appeals.

■ He contends that the finding of the trial court was contrary to law and to the evidence. We have studied the testimony and exhibits in the light of this contention and we think it is clear that the case resolved itself into a factual dispute not only as to the terms of the oral contract but also as to the nature and extent of its performance. Thus among other things the record shows that while plaintiff testified that defendant was to supply all materials (except wood and hardware), defendant contended that plaintiff was to supply all materials; that although plaintiff contended that defendant agreed to build a retaining wall along a walkway, defendant insisted he never agreed to build such a wall; that plaintiff testified defendant was to install plumbing in a powder room, while defendant was just as clear in his testimony that he never agreed to do any plumbing work. There was the same conflict in the testimony as to electrical work, plaintiff asserting that defendant agreed to perform such work and defendant denying it. Also plaintiff said and defendant denied that it was the agreed duty of the defendant to obtain the necessary permits for the work. Because of these and other conflicts in the testimony as to what was agreed to be done and what work was done, we can not say that the trial judge was wrong in accepting defendant's version of the transaction and rejecting plaintiff's version. We have no right to reweigh the evidence.

■ Appellant assigns as error the overruling of his motion for new trial. This motion charged that defendant "deliberately committed wholesale perjury in his testimony," and was supported by four affidavits. In effect it was based on newly discovered evidence. In Imhoff v. Walker, D.C.Mun.App., 51 A.2d 309, 312, we spelled out the tests to be applied to a motion of this kind. Citing numerous cases we ruled that in considering a motion for new trial based on newly discovered evidence these requirements apply: "the evidence must be in fact newly discovered, that is, discovered since the trial; it must be shown that it was not due to want of diligence that the movant did not discover the evidence sooner; the evidence relied on must not be merely cumulative or impeaching; and it must be such as would probably produce a different verdict if a new trial were granted." There is no occasion to discuss the matter at any length. In connection with this motion there was no showing of any reason why most or all of the evidence contained in the affidavits could not by ordinary diligence have been discovered beforehand and produced at the trial. More than fifteen months had elapsed between the filing of the suit and the trial, and plaintiff did not reveal why he was unable to gather his evidence during all of that time. Moreover it cannot be said that the evidence contained in the affidavits was anything more than merely cumulative or impeaching and there is strong doubt that it would necessarily lead to a different result if the case were retried. We rule that the trial judge did not abuse his discretion in refusing to order a new trial. Imhoff v. Walker, supra, and cases there cited (in footnote 10).

■ Lastly we consider a "motion for relief from judgment" which plaintiff filed in the trial court more than two months after this appeal was noted and almost a month after the record was filed in this court. The trial judge observed in passing that he had examined the motion and exhibits filed in support thereof and found no merit in the motion. But he overruled it on the ground that he had no jurisdiction to entertain it. This ruling was correct. "Two courts cannot have jurisdiction in the same case at the same time." Lasier v. Lasier, 47 App.D.C. 80. Appellant had no right while prosecuting an appeal in this court to seek a reopening of the judgment in the trial court. Its jurisdiction was at an end when the appeal was taken to this court. Goldsmith v. Valentine, 35 App.D. C. 299; Miller v. United States, 7 Cir., 114

F.2d 267; Switzer v. Marzall, D.C.D.C., 95 F.Supp. 721; Maltby v. Thompson, D.C. Mun.App., 55 A.2d 142.

Appellant did not ask, as he perhaps might have done, that we remand the case and authorize the trial judge, despite the pendency of this appeal, to consider the motion for relief from judgment. Checker Cab Co. v. Markland, 79 U.S.App.D.C. 39, 142 F.2d 95; Chicago & W. I. R. Co. v. Chicago & E. R. Co., 7 Cir., 140 F.2d 130. Nor indeed would there now be any purpose in our taking such action since the judge has already studied the affidavits and said that the motion was without merit.

Affirmed.