**NORRIS v. POOLE.**

No. 1116.

Municipal Court of Appeals for the
District of Columbia.

July 31, 1951.

H. Clay Espey, Washington, D. C., for
appellant.

Jo V. Morgan, Washington, D. C., for
appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

PER CURIAM.

Appellant has presented a "motion to em-
power trial judge to hear and rule on ap-
pellant's motion to reconsider denial of mo-
tion for new trial." Appellee has filed op-
position thereto.

The record reveals that on June 2, 1951
judgment was entered against appellant,
who was defendant below, for $800 for
painting work, and that defendant filed a
timely notice of appeal on June 12. The
record on appeal has now been filed in this
court, including approved statement of pro-
ceedings and evidence. This was filed on
July 13.

The record also reveals that appellant
(defendant below) filed in the trial court on
July 9 a motion to reconsider denial of mo-
tion for new trial, setting up certain newly
discovered evidence which was of such a
nature as to seriously challenge plaintiff's
veracity as to the amounts paid to him on
account of the work, and as to the quality of
paint furnished on the job. The motion to
reconsider was accompanied by two affida-
vits which set out in considerable detail
the nature of the evidence and why such
evidence was not available to or produced
by defendant at the trial. Copies of these
papers are attached to the pending motion
before us.

Though appellant called her motion be-
low a "motion to reconsider denial of mo-
tion for new trial," in reality it is a motion
for relief from judgment and is governed
by Municipal Court rule 53(b). That rule
authorizes the court to relieve a party from
a final judgment for any of several reasons,
one of which is newly discovered evidence
which by due diligence could not have been

discovered in time to file such motion within the four days prescribed by rule 52A(b). Rule 53(b) provides that such motion for relief from judgment may be filed within three months after judgment and appellant is well within that time limitation.

■ The first question is whether this court has the right to divest itself of jurisdiction and by remand to empower the trial court to hear defendant's motion. Ordinarily the noting of an appeal divests the trial court of any further jurisdiction to order a new trial. Maltby v. Thompson, D. C.Mun.App., 55 A.2d 142, and cases there cited; Potts v. Catterton, D.C.Mun.App., 82 A.2d 133. But under Federal procedure it has been held that a court of appeals may remand a case to the trial court in order to enable it to pass upon a motion of this kind when filed within the period prescribed. Checker Cab Co. v. Markland, 79 U.S.App. D.C. 39, 142 F.2d 95; Wm. Goldman Theatres v. Loew's Inc., 3 Cir., 163 F.2d 241; Chicago & W. I. R. Co. v. Chicago & E. R. Co., 7 Cir., 140 F.2d 130. We have no doubt that in the circumstances here present this court has the power to remand the case to the Municipal Court and to authorize the trial judge to hear and consider defendant's motion of July 9.

■ The next question is whether we should exercise that power in this case. Naturally we shall attempt no evaluation of the factual showing appellant has made, except to say that it seems sufficient to warrant consideration by the trial judge. But we make no intimation or suggestion as to how the motion should be decided, for that will be in the discretion of the judge. He should weigh the affidavits in connection with the testimony which was before him at the trial. If he deems it necessary, he may take testimony in connection with the motion, and then decide whether it should be granted or denied.

If the motion be granted and a new trial ordered, appellant will dismiss this appeal. If the motion be denied, appellant shall have 20 days thereafter to file her brief on appeal in this court.

In accordance with what we have said, we now order this case remanded to the Municipal Court, with instructions to set for hearing, and hear and decide defendant's motion.