Irving J. WOLF et al., Appellants,

v.

NAZARETH ENTERPRISES, INC., Jerome Fried, Arnold A. Weinstein, and Nazareth Fairgrounds & Farmers' Market, Inc., Appellees.

Arnold A. WEINSTEIN and Jerome Fried, Appellants,

v.

Irving J. WOLF et al., Appellees.

Nos. 343 and 344, Dockets 27464, 27248.

United States Court of Appeals Second Circuit.

Argued March 28, 1962.

Decided May 4, 1962.

Melvin Lloyd Robbins, New York City, Attorney for appellants.

Harold Harper of Harper & Matthews, New York City, for appellees.

Alex L. Rosen, New York City, for debtor.

Arnold A. Weinstein, New York City, pro se.

Before MEDINA, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Appeal No. 27464 is from an order approving a compromise of all claims and cross claims between the debtor and Fried and Fried's corporate "alter ego," Nazareth Enterprises, Inc., hereafter referred to as Enterprises "which are now in litigation" entered February 16, 1962 in the Southern District of New York, Judge Sugarman. The compromise in question has been vigorously opposed by Wolf, a shareholder of the debtor.

Appeal No. 27248 is from a decision of Judge Sugarman holding a modification of a race track "lease" or license agreement[1] between the debtor and Enterprises void, as having been made without court approval and that Fried's company must therefore account to the debtor for the receipts on the basis of the original license. Wolf cross-appeals from so much of the judgment as exempted Weinstein from liability in the race track transaction, excluded "back gate" admissions from the accounting and found no liability as to concessionaire transactions. A motion to dismiss appeal No. 27248 as ·moot by virtue of the order of compromise was made by the debtor and we have decided to consolidate the two appeals. Wolf opposes this motion on the grounds that the District Court lacked jurisdiction to compromise matters on appeal.

The petition for reorganization of the debtor was filed September 28, 1953 and thus began this seemingly endless series of contests, due in no small measure to untiring efforts of counsel. The instant appeals are the seventh and eighth appeals docketed in this court in these proceedings: No. 24564, reported at 249 F.2d 221 (2 Cir. 1957); No. 25594, dis-

[1]. The so-called lease has been held to be a license, Wolf Brief in Appeal No. 27464, p. 6.

missed by clerk for lack of prosecution (1959); No. 26231, reported at 280 F.2d 891 (2 Cir. 1960); No. 26362, reported at 296 F.2d 678 (2 Cir. 1961), cert. granted April 2, 1962, 82 S.Ct. 868; No. 26962 and 27000 (consolidated), reported at 296 F.2d 670 (2 Cir. 1960), certiorari granted April 2, 1962, 82 S.Ct. 868.

In view of the extended proceedings in this court relating to the history of the reorganization, to which reference may be made, we set out only those facts necessary for decision.

After the order appealed from in #27248, Enterprises filed an accounting, showing counterclaims, or offsets, for major repairs in the sum of $23,591.08 and prize money in the sum of $59,362.00; the total being far in excess of $22,-090.41, the amount shown as due for the balance of rent under the "lease" of the race track. At the same time it was proposed by the Debtor and Fried that a compromise of all claims be effected; which proposal was limited by Judge Sugarman to encompass only certain specified claims. Record on Appeal 17166. The Debtor was to relinquish claims against Fried for: (1) "The difference between the rentals paid and the rentals due," (2) all other claims now pending determination in appeal No. 27248, (3) any claim arising by reason of Fried's "participating in the misappropriation by Malakoff, and any claim growing out of his association with Malakoff, which includes the cashing of checks" aggregating approximately $67,000. Record on Appeal 17167. In return for all of which Fried and Enterprises agreed to release all claims for: (1) the counterclaim for repairs, (2) excess prize money mentioned above, (3) salary and expenses of Fried as manager prior to the filing of the Chapter X petition amounting to $17,-000, (4) and any claim to bleachers, portable seats and lighting systems for night racing acquired at a total cost of $16,084.75. While the order by its terms [2] appears to include a settlement of the Debtor's claims against Fried, which this court decided in favor of Fried and are now before the Supreme Court, Weinstein v. Wolf, 296 F.2d 678 (2 Cir. 1961) cert. granted April 2, 1962, 82 S.Ct. 868, a reading of the transcript would indicate that no such result was contemplated for there is no reference in the proceedings to the possible value of this claim.

██ Judge Sugarman was quite correct in his prediction that we would view with disfavor his refusing to permit appellant adequate opportunity to prepare himself to cross-examine the witnesses and fully present his views. In a situation such as the one at bar, it is incumbent upon the trial judge to exercise an "informed independent judgment" in passing on the compromise. First National Bank of Cincinnati v. Flershem, 290 U.S. 504, 525–526, 54 S.Ct. 298, 78 L.Ed. 465 (1934); National Surety Co. v. Coriell, 289 U.S. 426, 53 S.Ct. 678, 77 L.Ed. 1300 (1933). In order to exercise such judgment in a judicious manner it is obviously necessary that all interested parties be heard.[3] The need for careful judicial scrutiny is especially important where the parties before the court are not wholly uninfluenced by considerations other than the best interests of the debtor. National Surety Co. v. Coriell, supra at 436–437, 53 S.Ct. 681, 682. Although Robbins was undoubtedly a gadfly, particularly in his efforts to saddle the court with unaided review of the mountainous record of the earlier proceedings, it was certainly his right to question the witnesses closely, concerning the amounts as well as the sub-

---

**2.** "It is intended that acceptance of this offer will compromise all controversies between the debtor or debtor-in-possession and Enterprises or Fried which are *now in litigation.*" (Emphasis added.)

**3.** Section 206 of the Bankruptcy Act provides: "The debtor, the indenture trustees, and any creditor or stockholder of the debtor shall have the right to be heard on all matters arising in a proceeding under this chapter." 11 U.S.C.A. § 606.

stance of the claims involved in the proposed compromise. This opportunity he was denied. In view of the fact that the proceeding had already continued for over nine years it is difficult to justify the urgency which persuaded the court to refuse appellant a reasonable adjournment so as to allow counsel time to prepare to cross-examine.

After agreeing to adjourn until a later date, Judge Sugarman, apparently finally provoked by Mr. Robbins' insistence upon introducing the entire record of the previous hearings determined to "settle this thing right now. If it is an abuse of discretion, let the chips fall where they may." The colloquy indicates that the Court may have closed its mind to appellant's position, and consequently casts serious doubt upon the entire hearing.

 Appellant also attacks the judgment, on the grounds that it was beyond the power of the District Court, absent permission by this court, to compromise claims on appeal. It is axiomatic that as a general rule a court has no power to reopen a final judgment once an appeal is taken as jurisdiction passes to the higher court. E. g., Ideal Toy Corp. v. Sayco Doll Corp., 302 F.2d 623 (2 Cir. 1962); Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349, 350 (1952); Isgrig v. United States, 109 F.2d 131. While a compromise of "any controversy arising in the administration of the estate" is authorized by section 27 of the Bankruptcy Act, 11 U.S.C.A. § 50, and a stockholder's derivative action may be compromised over the objections of the plaintiff shareholder, Masterson v. Pergament, 203 F.2d 315 (6 Cir. 1953) cert. denied 346 U.S. 832, 74 S.Ct. 33, 78 L.Ed. 355; Stella v. Kaiser, 218 F.2d 64 (2 Cir. 1954) cert. denied 350 U.S. 835, 76 S.Ct. 71, 100 L.Ed. 745 (1955); 3 Moore's Federal Practice 3557, that is not to say that the District Court has the power to order a compromise of a claim which is pending before an appellate court absent the permission of such court.[4] However, since we have determined that the order of compromise can-

not be affirmed in any event due to the denial of a sufficient hearing to appellant we find it unnecessary to decide this question.

 In view of the fact that the Supreme Court has granted certiorari in Weinstein v. Wolf, and Fried v. Margolis, we think it wise for the District Court to refrain from making any final determination concerning the proposed compromise until the Supreme Court announces its decision in these cases which could affect the ownership and control of the Debtor as well as Fried's debts to the corporation.

We are entirely in accord with the purpose of the District Court to bring an end to this seemingly endless litigation. We think it best therefore to remit both appeals so that the District Court may finally dispose of the entire set of claims and cross-claims after the Supreme Court has spoken. To this end we vacate the judgment in Appeal No. 27248 and remand to the District Court for such action as it may deem proper. Reversed and remanded on both appeals.

---

4. But see Chlupsa v. Posvic, 113 F.2d 375 (7 Cir. 1940).